## A95A2113. PAYNE v. THE STATE.
(464 SE2d 884)

BIRDSONG, Presiding Judge.

Tellis Savalis Payne appeals his conviction for sale of crack cocaine. He contends the trial court erred by charging and recharging the jury on parties to a crime, by allowing the jury, during their deliberations, to view a videotape that had been introduced in evidence, and by sentencing him to a life sentence under OCGA § 16-13-30 (d) even though proper notice under OCGA § 17-10-2 (a) was not given. Payne further contends the verdict is contrary to the evidence, is not supported by the evidence, and is illegal and unwarranted under the law and evidence. Viewed in support of the verdict, the evidence shows that Payne, accompanied by a man named Watkins, sold the crack cocaine to a paid informant who was cooperating with the drug task force. After his conviction, Payne was sentenced to life imprisonment. *Held*:

1. In his first and third enumerations of error, Payne contends the trial court erred by charging and recharging the jury on the issue of parties to a crime because the evidence did not support such a charge.

(a) "Where there is any evidence, however slight, upon a particular point, it is not error to charge the law in relation to that issue." (Citation and punctuation omitted.) *Adams v. State*, 193 Ga. App. 628 (388 SE2d 747). With the informant's testimony concerning Payne's actions and a videotape of the transaction, the evidence presented was sufficient to warrant charging the jury on parties to a crime.

(b) After retiring to the jury room, the jury requested a recharge on the issue of parties to a crime. "It seems to be a general proposition that the necessity, extent, and character of any supplemental instructions to the jury are matters within the sound discretion of the trial court. . . . Our review is limited to determining whether that discretion was abused, taking into account the sensitive nature of the judge's responsibility at this stage of the trial and the duty of the trial judge to provide impartial and effective guidance on the law for the jury to follow in its deliberations." (Punctuation omitted.) *Litmon v. State*, 186 Ga. App. 762, 763 (368 SE2d 530). Reviewing the recharge in this light, we do not find that the court exceeded its discretion. As the judge's recharge not only was warranted by the evidence but also was legally accurate and not confusing or misleading, we find no error.

2. In his second enumeration of error, Payne contends the trial

court erred in allowing the jury, after it began its deliberations, to view the videotape that had been introduced into evidence. The record reveals that after the jury had retired to the jury room but before it began deliberating, the trial judge sent a note informing jurors that, if they wished to see the tape again, they would have to view it in open court. Although Payne was aware of the note, there was no objection to the note being sent to the jury. After deliberating for approximately 30 minutes, the jury requested to view the videotape. Counsel for appellant objected to this request.

" 'It has been recognized for more than a hundred years that it is permissible for the trial judge, in his discretion, to permit the jury at their instigation to rehear requested parts of the evidence after they have retired and begun deliberations. *Byrd v. State*, 237 Ga. 781, 782 (229 SE2d 631).' " *Williams v. State*, 208 Ga. App. 460, 461 (431 SE2d 130). In the present case the trial court rather than the jury instigated the request to view the videotape by sending the note to the jury. Assuming without deciding that the trial court erred, any error was harmless because the jury had already heard the testimony of Blount and seen the videotape. Therefore, evidence of Payne's guilt was overwhelming; consequently, the error, if any, was harmless beyond a reasonable doubt. *Randall v. State*, 194 Ga. App. 153, 154 (390 SE2d 74).

3. Payne enumerates the general grounds. After reviewing the evidence in the light most favorable to the verdict, we conclude there was sufficient evidence at trial for a rational trier of fact to find proof of Payne's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

4. In his final enumeration, Payne contends that notice of the State's intention to introduce evidence in aggravation of punishment was not timely given pursuant to OCGA § 17-10-2 (a).

The record establishes that Payne was served with a copy of the notice while the jury was being selected but before they were sworn. OCGA § 17-10-2 (a) provides that notice must be given before trial. *Sinkfield v. State*, 262 Ga. 239 (416 SE2d 288). In the present case, jeopardy had not attached because the jury had not been sworn. Therefore, Payne was notified before trial as the statute requires. This enumeration of error is without merit.

Payne also asserts in his brief that the trial court was not presented with a certified copy of his prior conviction during the sentencing hearing as required by OCGA § 17-10-2. A review of the record establishes that this argument was not raised within the enumeration of error. " 'An enumeration of error cannot be enlarged to include other issues not made therein.' " *Hurston v. Ga. Farm Bureau &c. Co.*, 148 Ga. App. 324, 326 (250 SE2d 886). Further, appellate review cannot be enlarged or transformed through switching, shifting, or

mending one's hold. *Ailion v. Wade*, 190 Ga. App. 151, 155 (378 SE2d 507); *Redwing Carriers v. Knight*, 143 Ga. App. 668, 674 (239 SE2d 686). Accordingly, this issue cannot be considered. *Sanders v. Hughes*, 183 Ga. App. 601, 604 (359 SE2d 396).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED DECEMBER 4, 1995.

*Morris S. Robertson*, for appellant.

*Ralph M. Walke, District Attorney, L. Craig Fraser, Jeff J. Conner, Assistant District Attorneys*, for appellee.