## A96A1257. STANLEY v. THE STATE.
(476 SE2d 58)

ANDREWS, Judge.

Randall Lee Stanley appeals the trial court's denial of his motion for out-of-time appeal. Stanley contends he was denied effective assistance of counsel on appeal. We disagree and affirm the judgment of the trial court.

"To establish ineffective assistance of counsel, [a defendant] must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984)." *Gross v. State*, 262 Ga. 232, 233-234 (1) (416 SE2d 284) (1992). The test is

whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. *Gross*, supra.

In analyzing a claim of ineffective assistance of counsel, we note at the outset that a trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous. *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990). Further, Stanley must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. *Snyder v. State*, 201 Ga. App. 66, 69 (8) (410 SE2d 173) (1991).

Stanley contends that trial counsel was ineffective because he did not inform Stanley that counsel's absence from the courtroom during the trial court's recharge on the definition of rape could create an appealable issue. Stanley claims that because his trial counsel was not present for the recharge, he was unaware that the court omitted the following: "consent to sexual intercourse obtained through a present or immediate fear of serious bodily injury to the female involved is equivalent to no consent at all."

However, Stanley's explanation of how he was harmed by this omission is not persuasive. We fail to see how not reiterating to the jury that, even if the victim consented, if she did so because of fear of injury, there was no consent, could harm the defendant. Rather, just the opposite.

Further, "the necessity, extent, and character of any supplemental instructions to the jury are matters within the sound discretion of the trial court." (Citation and punctuation omitted.) *Payne v. State*, 219 Ga. App. 318 (464 SE2d 884) (1995). As this recharge did not contradict any earlier instruction on a question of law and cannot reasonably be perceived as impairing any defense raised at trial, *Brannon v. State*, 220 Ga. App. 572, 576 (469 SE2d 716) (1996), we find no abuse of discretion in the trial court's recharge. *Payne*, supra.

Although Stanley claims counsel's performance was deficient in waiving his presence during the recharge without consulting with Stanley and in not discovering what was said at the recharge, Stanley cannot show any harm as a result of counsel's actions and, therefore, cannot satisfy the second prong of the *Strickland* test. See *Strickland*, supra at 695-696. Therefore, as the error on recharge, if any, was harmless, there was no issue to appeal.

Thus, trial counsel was not ineffective in not informing Stanley that this created an issue for appeal. Accordingly, as Stanley does not argue that he was not otherwise adequately informed of his appeal rights, the trial court correctly denied the motion for out-of-time appeal.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 13, 1996.

*Michael R. McCarthy*, for appellant.

*T. Joseph Campbell, District Attorney, Rebecca B. Tierce, Assistant District Attorney*, for appellee.