A97A0684, A97A0685. COVINGTON v. THE STATE (two cases).
(486 SE2d 706)

BIRDSONG, Presiding Judge.

In Case No. A97A0684, Charles Melvin Covington appeals his conviction on April 9, 1996 for trafficking in cocaine, possession of cocaine with the intent to distribute, possession of cocaine, and possession and use of drug related objects on September 2, 1994. He contends the trial court erred by denying his motion for a directed verdict on all counts, and also erred by sentencing him to separate sentences for trafficking, possession with intent to distribute and possession of cocaine. He further contends the evidence was insufficient to sustain his conviction.

In Case No. A97A0685, Covington appeals his convictions on March 11, 1996 for two counts of selling cocaine on June 24, 1994, and July 30, 1994. He contends the trial court erred by allowing a verbal rather than a written police report and also erred by rendering an improper sentence. He also contends the evidence is insufficient to sustain his conviction. *Held*:

### Case No. A97A0684

1. " '[A] motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law.' " *Alexander v. State*, 263 Ga. 474, 478 (3) (435 SE2d 187). The test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) "is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436). Further, in reviewing the denial of a motion for directed verdict of acquittal made at the close of the State's case, a reviewing court can consider all the evidence in the case while determining whether the trial court properly denied the motion (*Bethay v. State*, 235 Ga. 371, 374-375 (1) (219 SE2d 743)), and we must view the evidence in the light most favorable to the verdict. *Humphrey v. State*, supra. Review of all the evidence in this manner shows that a search warrant was executed at the home of Covington's mother, that 444 grams of cocaine mixed with Benzocaine in an aluminum pan were found in a safe in the mother's bedroom, that, even though she later denied saying it, the mother stated that the safe was Covington's, and that in another bedroom used by Covington the police found his ID card, clothing, scales, plastic bags, aluminum pans similar to that found in the safe, Benzocaine, and a vial with a spoon attached. Further, Covington's sister testified that

he was dealing drugs out of their mother's home. This is sufficient evidence from which any rational trier of fact could find beyond a reasonable doubt that Covington was guilty of the offenses of which he was convicted even though Covington was not present when the search warrant was executed. *Jackson v. Virginia,* supra. Therefore, the trial court did not err by denying Covington's motion for a directed verdict of acquittal. Moreover, for these same reasons the evidence is sufficient to sustain his conviction. Id.

2. Covington also contends that the evidence was insufficient to sustain his conviction of trafficking in cocaine in violation of OCGA § 16-13-31 (a) because the expert witness from the crime lab did not testify that the entire sample submitted contained ten percent cocaine. See *Byers v. State,* 204 Ga. App. 552 (420 SE2d 23). The expert testified, however, that the items submitted to him for testing had a total weight of 444 grams, and that he tested the sample from different locations in the whole sample. As a result of his testing, he testified that the cocaine concentration of the sample was 32 percent. We are satisfied that this testimony was sufficient to establish a violation of OCGA § 16-13-31 (a): Any person who is knowingly in possession of twenty-eight grams or more of cocaine or of any mixture of cocaine with a purity of ten percent or more commits the felony offense of trafficking in cocaine. As the evidence in this case differs from that in *Byers v. State,* supra, in which there was no testimony concerning the purity of the cocaine, *Byers* is not controlling.

3. "We agree, however, that the life sentence imposed on defendant must be reversed. The record shows the State sought a life sentence pursuant to OCGA § 16-13-30 (d) because defendant had been convicted of two previous offenses of selling cocaine. The State concedes, however, that the previous convictions were not final at the time the sentence was imposed in the case at hand because the previous convictions [are on appeal in Case No. A97A0685]. When previous convictions are relied upon as the ground for imposing enhanced punishment, the convictions must be final. See *Croker v. Smith,* 225 Ga. 529 (4) (169 SE2d 787) (1969) and *Mitchell v. State,* 202 Ga. App. 100 (2) (413 SE2d 517) (1991) (applying the stated rule to sentencing for repeat offenders pursuant to OCGA § 17-10-7). This rule also applies to enhanced punishment pursuant to OCGA § 16-13-30 (d)." *Dunn v. State,* 208 Ga. App. 197, 198 (430 SE2d 50). Accordingly, upon remand Covington should be resentenced for the offense of which he was convicted by the jury. *Melton v. State,* 216 Ga. App. 215, 216 (454 SE2d 545). Any error concerning the separate sentences imposed for the offenses of which Covington was convicted has not been supported by argument and is deemed abandoned. Court of Appeals Rule 27 (c) (2); *Bicknell v. Joyce Sportswear Co.,* 173 Ga. App. 897, 898 (328 SE2d 564).

*Case No. A97A0685*

4. We find no error in the trial court allowing the undercover police officer who made two purchases of cocaine from Covington to testify about the description of the man from whom she purchased the cocaine even though she could not produce the written notes on which she first recorded description. This is not the kind of evidence covered by the best evidence rule because the officer was not trying to prove the contents of a writing. See OCGA § 24-5-4.

5. Applying the rules discussed above in Division 1, the evidence was sufficient to sustain Covington's convictions. The testimony of the police officer that she purchased cocaine from Covington, standing alone, is sufficient to support these convictions. *Jackson v. Virginia*, supra.

6. Although the convictions in this appeal are affirmed, we must again vacate the sentence imposed because the trial court was not authorized to sentence Covington as a recidivist under OCGA § 17-10-7 as the offenses on which the State relied occurred in September 1994, after these offenses. "[I]t is not the date of the conviction which determines the applicability of [OCGA § 17-10-7], but the date of the commission of the offense." *Mays v. State*, 262 Ga. 90, 91 (1) (a) (414 SE2d 481). Therefore the sentences must be vacated and the case remanded to the trial court for resentencing.

*Judgment affirmed, sentences vacated, and cases remanded for resentencing. Ruffin and Eldridge, JJ., concur.*

DECIDED MAY 15, 1997.

Before Judge Salmon.
*Farless & Newton, Floyd H. Farless,* for appellant.
*Stephen F. Lanier, District Attorney, Leigh E. Patterson, Assistant District Attorney,* for appellee.