## A97A1625. GODFREY v. THE STATE.
### (489 SE2d 364)

BLACKBURN, Judge.

Johnny Paul Godfrey was convicted by a jury of possession of more than one ounce of marijuana. The State presented evidence in aggravation of punishment, and as a result, Godfrey was sentenced to serve 12 years. He now contends that the court erred in admitting evidence in aggravation of punishment, as he did not timely receive notice of the State's intent to present such evidence. He also argues that the court improperly considered such evidence because most of the prior convictions upon which the court relied in sentencing were not proved by certified copies. For the reasons set forth below, we affirm the sentence.

1. Godfrey claims that the trial court erred when it allowed the State to introduce evidence in aggravation of punishment. He argues that because the State did not provide him with clear notice of its intention to present such evidence, in accordance with OCGA § 17-10-2, the admission of such evidence was harmful error.

OCGA § 17-10-2 (a) provides that after a jury returns a guilty verdict in a felony case, such as this one, the judge shall dismiss the jury and conduct a presentence hearing. At such hearing, "the judge shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions and pleas of guilty or nolo contendere of the defendant." Id. However, "only such evidence in aggravation as the state has made known to the defendant prior to the defendant's trial shall be admissible." Id.

The record indicates that at the presentence hearing, which was conducted directly after trial, the State moved to tender 11 of Godfrey's prior convictions and pleas into evidence. Godfrey's counsel objected to this evidence based on lack of notice and informed the court that the prosecutor had shown him copies of the convictions and pleas only just prior to trial. According to Godfrey's counsel, "I took [the convictions and pleas] from him, said thank you. I briefly looked at them and handed them back and then the trial began." Although the record does not disclose at what exact point prior to trial these events took place, Godfrey claims that his counsel was handed the documents "as the panel of potential jurors walked into the room."

On these facts, Godfrey's contention that he did not receive

notice prior to trial is without merit. "Receipt by appellant's counsel, prior to jury selection, of notice of the State's intent to use the prior conviction in aggravation of any sentences imposed in this case was timely notice pursuant to OCGA § 17-10-2." *Day v. State*, 188 Ga. App. 648, 650 (8) (374 SE2d 87) (1988). Moreover, to the extent Godfrey may be arguing that he did not receive notice until jury selection had actually begun, even notice received during jury selection, prior to the jury's being sworn, is sufficient to satisfy the requirement of the statute. See *Payne v. State*, 219 Ga. App. 318, 319 (4) (464 SE2d 884) (1995). Godfrey therefore received timely notice of the State's intention.

Godfrey also argues that his counsel did not have sufficient time to review the evidence when the State presented it to his counsel. However, "[t]he failure to move for a continuance precludes appellant from asserting that his counsel was not afforded an ample opportunity to investigate the admissibility of the prior conviction[s] as evidence in aggravation of the [sentence] imposed in this case." *Day*, supra at 650-651 (8). Godfrey's arguments in this regard are therefore without merit.

2. Godfrey claims the trial court erred in sentencing him based upon uncertified copies of his prior convictions and pleas. He alleges that although some certified copies were introduced by the State, the majority of the documents relied upon by the trial court in aggravating his punishment were uncertified. According to Godfrey, the certified convictions alone would not have been sufficient to justify the aggravated punishment imposed.

Because Godfrey did not assert this as the basis for his objection to the admissibility of the prior convictions and pleas at trial, he has waived the issue. " 'Where an entirely different objection or basis for appeal is argued in the brief which was not presented at trial we will not consider that basis as we are limited to those grounds presented to and ruled upon by the trial court.' " (Citation omitted.) *Hill v. State*, 224 Ga. App. 208, 209-210 (2) (480 SE2d 256) (1997).

Furthermore, the record on appeal, as supplemented by the parties, indicates that all but one of the convictions and pleas which Godfrey contends were uncertified actually were certified when they were relied upon by the court. The court therefore had ten certified convictions and pleas before it when it sentenced Godfrey on this offense. Even presuming the court did rely on one inadmissible conviction in sentencing, in light of the other convictions and pleas which were properly before the court, Godfrey has not shown that he was harmed by any such error.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JULY 24, 1997.

*Potts & Badaruddin, Shandor S. Badaruddin*, for appellant.
*Thomas J. Charron, District Attorney, Bruce D. Hornbuckle, Assistant District Attorney*, for appellee.