A98A0727. BRUNDAGE v. THE STATE.
(499 SE2d 408)

McMURRAY, Presiding Judge.

Following a jury trial, Jessie Brundage, also known as Jesse Brundage, was convicted of two counts of trafficking in cocaine. The court imposed a life sentence on Count 1 and 30 years on Count 2, concurrent with Count 1. Brundage appeals from the denial of his motion for new trial. We affirm.

The evidence, construed in favor of the verdict, shows that on February 8, 1994, Lieutenant Kendrick Hall of the Bibb County Sheriff's Department, was working "under cover." Lieutenant Hall arranged a controlled buy of one ounce of crack cocaine from defendant Brundage through an intermediary, Sherman Stewart. Lieutenant Hall, whose movements were surveilled by members of a multi-jurisdictional drug task force, met Stewart at the Gateway Shopping Center in Gray, Georgia. He then followed Stewart, who was driving a blue Oldsmobile Cutlass, to the intersection of Ellis Church Road and Roosevelt Road, a short distance from Gray. Sherman Stewart told Lieutenant Hall to wait for him at a nearby church, while Stew-

art made the buy. Scott Reese and Calvin A. Pitts of the Jones County Sheriff's Department were positioned in the woods across the street from defendant Brundage's home. They observed as the Blue Oldsmobile Cutlass driven by Stewart "turned into his [defendant's] driveway. . . ." The sole occupant, a male, "exited the car and went to the door of the house." This male remained in the house "[n]o more than five or six minutes." "He came back out[,] . . . got in the car, the car left the property and went back down Ellis Church Road[, and then] it went to the church." Back at the church, Sherman Stewart "gave [Lieutenant Hall] a plastic bag with [suspected] cocaine. . . . It was real big pieces, chunky, like rocks, big rocks[; and] [h]ad a real strong smell to it." Forensic chemical analysis subsequently determined the contents to be 30.6 grams of crack cocaine with a purity level of 55 percent. When the drug buy was completed, Lieutenant Hall radioed fellow officers who immediately obtained a search warrant and went to defendant Brundage's home.

A taxi arrived at defendant Brundage's home just before the warrant was served. Defendant Brundage, his family, and Ronnie Bruce Hill (the passenger from the taxi), were detained while defendant's house was searched pursuant to the warrant. The officers found a bag containing 30 grams of crack cocaine with a purity level of 55 percent hidden behind the clothes dryer in defendant Brundage's kitchen. The search also revealed digital scales, plastic bags, razor blades, and amounts of cash concealed throughout the house totaling approximately $4,600. Lieutenant Hall testified that the crack found in defendant Brundage's home "looked and smelled like the cocaine [Lieutenant Hall] got from [Sherman] Stewart[, and] was [in] the same type of chunks that [Lieutenant Hall] had seen in the earlier package."

Although at trial, Sherman Stewart denied any involvement in the cocaine transaction, his prior inconsistent statements to police and from Sherman Stewart's own guilty plea hearing were introduced into evidence. There, Sherman Stewart admitted buying the crack from "Jesse" with Lieutenant Hall's cash. Ronnie Bruce Hill, who was arrested for possession of cocaine following the search of Brundage's home, testified at trial that he bought the crack cocaine found on his person that night from defendant Brundage. The trial court also admitted evidence of defendant Brundage's prior narcotics offense. In 1989, Special Agent Cecil Hutchins of the Georgia Bureau of Investigation bought less than a gram of crack from defendant Brundage while at a nightclub in Putnam County. This similar transaction was admitted to show Brundage's bent of mind.

1. The evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) to authorize the jury's verdict that defendant Brundage is guilty, beyond a reasonable

doubt, of trafficking in cocaine as alleged in Counts 1 and 2 of the indictment. *Gay v. State*, 221 Ga. App. 263, 265 (1) (b) (471 SE2d 49).

2. The trial court did not err in admitting evidence of a prior similar transaction. "Prior crime evidence is admissible when the State satisfactorily makes the three affirmative showings required by *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991). See also Uniform Superior Court Rule 31.3 (B). 'The independent act does not have to be identical in character to the charged offense if there is a sufficient connection between them.' *Smith v. State*, 264 Ga. 46, 47 (2) (440 SE2d 188) (1994)." *Spencer v. State*, 268 Ga. 85, 86 (2) (485 SE2d 477) (1997). Both the crime charged and the October 20, 1989, episode involved the sale of crack cocaine to an undercover officer through an intermediary while on property under Brundage's control. These circumstances authorize the trial court's finding that proof of Brundage's actions during the October 20, 1989 incident is relevant to show Brundage's bent of mind during the February 8, 1994 drug sale. *Spead v. State*, 218 Ga. App. 547 (1), 548 (462 SE2d 635). Accord *Evans v. State*, 209 Ga. App. 606, 607 (2) (434 SE2d 148) (whole court). The relevance of the similar transaction evidence, coupled with the trial court's appropriate limiting instruction regarding the purpose of this evidence, outweighed any prejudicial impact upon Brundage's character. *Cantrell v. State*, 210 Ga. App. 218, 220 (2), 221 (435 SE2d 737). The four-year time-span between Brundage's prior criminal act and the crime charged was not significant enough to affect the relevance of the prior act. See *Childs v. State*, 202 Ga. App. 488 (1), 489 (414 SE2d 714). In the case sub judice, we find no error in the admission of this similar transaction evidence.

3. In his third enumeration of error, defendant Brundage argues his custodial statement should not have been admitted into evidence. He has, however, failed to brief this alleged error. "Any enumeration of error which is not supported in the brief by citation of authority or argument shall be deemed abandoned." Court of Appeals Rule 27 (c) (2); *Bragg v. State of Ga.*, 226 Ga. App. 588 (1) (487 SE2d 137) (1997).

4. The trial court did not err in imposing a life sentence for one of Brundage's trafficking convictions (Count 1). The State gave Brundage notice that his prior conviction for possession of cocaine with the intent to distribute would be used in aggravation at sentencing pursuant to OCGA § 16-13-30 (d). Brundage's "conviction for the more serious offense of trafficking in cocaine under OCGA § 16-13-31 was sufficient in conjunction with his previous conviction for possession of cocaine with intent to distribute under OCGA § 16-13-30 (b) to trigger the mandatory life sentence provisions of OCGA § 16-13-30 (d). See *Gilbert v. State*, 208 Ga. App. 258, 259-262 (430 SE2d 391) (1993)." *Cody v. State*, 222 Ga. App. 468, 471 (4) (474 SE2d 669).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED MARCH 20, 1998.

*Green B. Moore III*, for appellant.
*Fredric D. Bright, District Attorney, Gregory L. Bushway, Assistant District Attorney*, for appellee.