## A98A0058. COVINGTON v. THE STATE.
(501 SE2d 37)

BEASLEY, Judge.

This case is on appeal following our remand for resentencing in *Covington v. State*.[1]

In March 1996, Covington was convicted of two counts of selling cocaine in June and July 1994. In April 1996, he was convicted of committing other offenses, including trafficking in cocaine and possession of cocaine with intent to distribute, both occurring in September 1994.

At the time of Covington's sentencing, the maximum punish-

---

[1] 226 Ga. App. 484 (486 SE2d 706) (1997).

ment for a conviction of sale of cocaine under OCGA § 16-13-30 (d) was 30 years' imprisonment. The recidivist provisions of OCGA § 17-10-7 (a) mandate imposition of the maximum punishment upon conviction of a second felony offense. Sentencing Covington as a recidivist as a result of an October 1994 conviction of the offense of habitual violator, the trial court imposed the maximum sentence. In *Covington*, we affirmed Covington's convictions for sale of cocaine but vacated the sentence imposed, as it is not the date of the conviction which determines the applicability of OCGA § 17-10-7 but the date of the commission of the offense.[2]

Except as otherwise authorized by the Controlled Substances Act, OCGA § 16-13-30 (b) makes it unlawful "for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance." When Covington was sentenced, OCGA § 16-13-30 (d) imposed a mandatory sentence of life imprisonment on conviction of a second or subsequent offense for violation of OCGA § 16-13-30 (b). Accordingly, the trial court imposed life imprisonment for trafficking and for possession with intent to distribute, based on two previous convictions of sale of cocaine. In the first appeal we affirmed these convictions but reversed the life sentence, as the convictions for the previous sales of cocaine were not final at the time the sentence was imposed.[3]

On remand, the trial court resentenced Covington to life imprisonment for his convictions of trafficking in cocaine and possession with intent to distribute, as the convictions of prior cocaine sales had become final. The court also reimposed the maximum sentence of 30 years' imprisonment for the convictions of sale of cocaine.

1. The trial court was authorized by OCGA § 16-13-30 (d) to resentence Covington to life imprisonment for possession and trafficking, as the two earlier cocaine sales convictions were final at the time of resentencing. In that Covington was convicted of cocaine sales *before* his trial for possession with intent to distribute and trafficking, *Brown v. State*[4] is distinguishable.

Fruitless is the argument that the sentence of life imprisonment for trafficking was unauthorized because it is an offense under OCGA § 16-13-31 rather than OCGA § 16-13-30 (b). As in *Cody v. State*,[5] "[Covington's] conviction for the more serious offense of trafficking in cocaine under OCGA § 16-13-31 was sufficient in conjunction with his previous conviction[s] for [sale of cocaine] under OCGA § 16-13-30 (b) to trigger the mandatory life sentence provisions of

---

[2] Id. at 486 (6).
[3] Id. at 485 (3).
[4] 204 Ga. App. 794 (420 SE2d 823) (1992).
[5] 222 Ga. App. 468, 471 (4) (474 SE2d 669) (1996).

OCGA § 16-13-30 (d). [Cit.]"

2. The next question is whether a term of 30 years' imprisonment for sale of cocaine is unlawful because of the inapplicability of OCGA § 17-10-7 (a), as held the first time this case was before us. True, that section which makes such a sentence mandatory did not apply but the court was nonetheless authorized to impose a 30-year sentence in its discretion, as such a term was within statutory limits.[6] Covington does not contend his resentencing to the maximum, which was the same sentence imposed earlier, was vindictive.[7] The fact that it is the same does not invalidate a sentence arrived at by the trial court in independent assessment of an appropriate punishment.

3. Covington contends the trial court erred in not merging, with the traffic conviction, another offense of which he was convicted in April 1996. Covington abandoned this assertion in his first appeal.[8]

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED APRIL 1, 1998

*Farless & Newton, Floyd H. Farless,* for appellant.
*Tambra P. Colston, District Attorney, Leigh E. Patterson, Assistant District Attorney,* for appellee.

---

[6] See generally *Tommie v. State,* 158 Ga. App. 216 (1) (279 SE2d 510) (1981).
[7] Compare *Chambers v. State,* 213 Ga. App. 414, 418 (5) (444 SE2d 820) (1994).
[8] *Covington,* supra at 485 (3).
[1] From the verdict form, it cannot be determined whether the jury based its determination of damages on the basis of contract, commercial account, or some combination thereof. The total amount of damages awarded was written in blanks following both grounds of recovery.