A98A1401. HOWARD v. THE STATE.
(506 SE2d 648)

POPE, Presiding Judge.

After a jury trial in 1995, Marc Howard was convicted of trafficking in cocaine under OCGA § 16-13-31. Because Howard had two prior convictions for possessing cocaine with intent to distribute, the trial court sentenced him to life in prison pursuant to OCGA § 16-13-30. Howard appealed from the conviction, challenging the trial court's denial of his motion to suppress and refusal to give a requested jury charge. This Court affirmed the conviction in *Howard v. State*, 220 Ga. App. 579 (469 SE2d 746) (1996). In 1997, more than

two years after his conviction, Howard filed a motion to correct what he claims is an illegal life sentence. The trial court denied the motion. Howard filed this direct appeal from the denial of his motion.

1. Howard's motion to correct an illegal sentence and his direct appeal from the denial of that motion are procedures that have been approved by the Georgia courts. "Although appellant did not challenge the validity of his sentence in his first appeal, if the sentence imposed was a void sentence, then a new and valid sentence can be imposed by the trial judge at any time. See also *McCranie v. State*, 157 Ga. App. 110, 111 (3) (276 SE2d 263) (1981), which holds that although habeas corpus would have been an appropriate remedy to determine the validity of a sentence, it is not necessarily an exclusive or sole remedy; such an action may be brought in the trial court." (Citations and punctuation omitted.) *Jefferson v. State*, 205 Ga. App. 687 (1) (423 SE2d 425) (1992). Accordingly, Howard's appeal is properly before us. See generally *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991).

2. Howard argues the life sentence is illegal because cocaine trafficking is a crime under OCGA § 16-13-31, for which the maximum sentence is 30 years, and is not a crime under OCGA § 16-13-30, which allows for a life sentence on a repeat offense of sale of cocaine or possession of cocaine with intent to distribute. This argument has been rejected. "Fruitless is the argument that the sentence of life imprisonment for trafficking was unauthorized because it is an offense under OCGA § 16-13-31 rather than OCGA § 16-13-30 (b)." *Covington v. State*, 231 Ga. App. 851, 852 (1) (501 SE2d 37) (1998). Howard's " 'conviction for the more serious offense of trafficking in cocaine under OCGA § 16-13-31 was sufficient in conjunction with his previous conviction[s] for possession of cocaine with intent to distribute under OCGA § 16-13-30 (b) to trigger the mandatory life sentence provisions of OCGA § 16-13-30 (d). [Cits.]' " *Brundage v. State*, 231 Ga. App. 478, 480 (4) (499 SE2d 408) (1998). The trial court therefore did not err in sentencing Howard to life in prison. See generally *Gilbert v. State*, 208 Ga. App. 258, 259-262 (1) (430 SE2d 391) (1993).

3. Howard contends the state's notification that his two prior convictions would be used against him at sentencing was untimely because it was given only ten minutes before the trial started. It is true that if a life sentence is to be imposed under OCGA § 16-13-30 (d), the state must notify the defendant *before trial* of any conviction it intends to use in aggravation of punishment so the defendant has a chance to discover any defects that render the convictions inadmissible during the pre-sentencing phase of the trial. *Armstrong v. State*, 264 Ga. 237, 238 (1) (442 SE2d 759) (1994); *Sinkfield v. State*, 262 Ga. 239 (1) (416 SE2d 288) (1992). But contrary to Howard's conten-

tion, we have previously held that notification on the day of trial, so long as it was given before the trial started, is sufficient. See *Day v. State*, 188 Ga. App. 648, 650-651 (8) (374 SE2d 87) (1988); *Williams v. State*, 162 Ga. App. 120, 121 (2) (290 SE2d 341) (1982). Consequently, the notice given by the state to Howard before the trial started was timely. *Godfrey v. State*, 227 Ga. App. 576, 577 (1) (489 SE2d 364) (1997); *Payne v. State*, 219 Ga. App. 318, 319 (4) (464 SE2d 884) (1995).

*Judgment affirmed. Ruffin, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Divisions 1 and 2. With respect to Division 3, I concur because, although the record we have does not show when notice was given to defendant that the State would seek an enhanced sentence, what controls is that it also does not show that defendant objected to the amount of notice when the State introduced evidence of the prior convictions at the sentencing phase.

In Howard's Memorandum in Support of Motion to Correct Illegal Sentence, filed in the trial court, he alleges that he was notified ten minutes before the start of trial that the State planned to use two prior convictions in aggravation of punishment. There is no evidence of this. The State's attorney, in the letter response to the motion, asserted that "Mr. Howard and his trial attorney, Mr. Grayson Lane were most definitely aware of his prior convictions and myself and Mr. Lane had discussed the fact that the State would use these in aggravation of punishment long before the Motion to Suppress and the trial of the case." The court's order denying the motion does not state how the court resolved this factual dispute, if it did.

It is appellant's responsibility to show error by the record. *Arnold v. State*, 198 Ga. App. 514, 516 (3) (402 SE2d 312) (1991). Since that has not been done concerning the time notice was given, we cannot address that point. Howard has shown no reversible failure to comply with OCGA § 17-10-2 (a).

But even if advance notice was not given at all, Howard cannot complain because there is nothing in the record to show he objected at trial. The Supreme Court held in *Armstrong v. State*, 264 Ga. 237, 239 (3) (442 SE2d 759) (1994): "[W]e affirm the judgment of the Court of Appeals because defendant did not interpose an objection when the state introduced defendant's prior conviction into evidence during the pre-sentencing phase of the trial. The error is deemed waived. [Cits.]" The same result is inevitable here.

DECIDED SEPTEMBER 8, 1998.

*Daniel B. Kane, David R. Trainor*, for appellant.
*Dupont K. Cheney, District Attorney, Charles D. Howard, Assistant District Attorney*, for appellee.