## A99A2337. SMILEY v. THE STATE.
### (527 SE2d 585)

BARNES, Judge.

David Smiley was convicted of cocaine possession under OCGA § 16-13-30 (a) and appeals his sentence of 30 years imposed under OCGA § 16-13-30 (c) and the recidivism statute, OCGA § 17-10-7. Smiley argues that his previous conviction for cocaine possession with the intent to distribute was not a previous conviction for cocaine possession and, therefore, he should not have been sentenced for a second offense of cocaine possession under OCGA § 16-13-30 (c). We disagree and affirm.

We have held that a conviction for trafficking in cocaine under OCGA § 16-13-31 constitutes a second violation of possession with intent to distribute cocaine under OCGA § 16-13-30 (b), triggering the mandatory life sentence required by OCGA § 16-13-30 (d). *Gilbert v. State*, 208 Ga. App. 258, 260 (1) (430 SE2d 391) (1993). In that case, we said:

> To conclude that Gilbert's prior conviction under OCGA § 16-13-31 does not trigger the recidivist provisions of OCGA § 16-13-30 (d) would lead to an illogical result since Gilbert's first conviction was for a more serious version of the offenses outlined in OCGA § 16-13-30 (b). It appears that OCGA § 16-13-30 (b) was a lesser included offense of Gilbert's conviction under OCGA § 16-13-31.

Id. Accord *Brundage v. State*, 231 Ga. App. 478, 480 (4) (499 SE2d 408) (1998); *Cody v. State*, 222 Ga. App. 468, 471 (4) (474 SE2d 669) (1996).

A similarly illogical result would apply here if Smiley's previous conviction for possession with intent to distribute did not equal a con-

viction of simple possession that triggered the mandatory 30-year sentencing for a second simple possession offense under OCGA § 16-13-30 (c). Simple possession is a lesser included offense of possession with the intent to distribute. See *Burse v. State*, 232 Ga. App. 729, 731 (2) (503 SE2d 638) (1998); *Howard v. State*, 220 Ga. App. 579, 583 (2) (469 SE2d 746) (1996). We find no error in Smiley's sentence.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 5, 2000.

*Luz F. Cloy*, for appellant.

*Stephen D. Kelley, District Attorney, Ann S. Williams, Assistant District Attorney*, for appellee.