## A05A1481. NELSON v. THE STATE.
### (618 SE2d 192)

MILLER, Judge.

Following a bench trial, Demetrius Nelson was found guilty and convicted of one count of possession of cocaine with intent to distribute and one count of trafficking cocaine. On appeal he contends that the evidence was insufficient to sustain his conviction on the trafficking charge, and he asserts several other enumerations of error. The evidence was sufficient to sustain the conviction, and since Nelson has abandoned his remaining enumerations, we affirm.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence reveals that police responded to a call from a motel about Nelson going in and out of a motel room without being a registered guest there. After police determined his identity, Nelson consented to a pat down search. Nelson then removed a motel room safe key from his pocket and a card key that accessed the room in which he claimed to be staying. Though he refused consent at first, Nelson soon agreed to a search of the room, where police found crack cocaine in a pair of pants.[1]

The police also discovered that several people had been trying to access the room across the hall from Nelson's room, leading the police and motel management to suspect possible drug trafficking activity. The police searched the room and discovered that the safe key that they had obtained from Nelson opened the safe in the room. The police recovered 58.1 grams of 82 percent pure cocaine from the safe.

The evidence outlined above sufficed to sustain Nelson's conviction for trafficking cocaine. See OCGA § 16-13-31 (a) (1) (possession of

---

[1] Nelson's conviction for possession of cocaine with intent to distribute arose from the crack cocaine found in this search. Nelson does not challenge the sufficiency of the evidence with respect to this conviction.

twenty-eight grams or more of cocaine with a purity of ten percent or more constitutes trafficking); see also *Covington v. State*, 226 Ga. App. 484, 484-485 (1), (2) (486 SE2d 706) (1997) (evidence sufficed to sustain cocaine trafficking conviction where testimony connected defendant to large quantity of cocaine found in a safe at the home of defendant's mother).

2. Nelson has failed to support his remaining enumerations by citation of authority or argument. Thus he has abandoned them on appeal. *Thompson v. State*, 262 Ga. App. 17, 21 (6) (585 SE2d 125) (2003); Court of Appeals Rule 25 (c) (2).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JULY 26, 2005.

*Sharon L. Hopkins, Brian W. Whiteside,* for appellant.
*Daniel J. Porter, District Attorney, Lisa A. Jones, Assistant District Attorney,* for appellee.