## A06A2303. SMITH v. THE STATE.
### (638 SE2d 440)

MIKELL, Judge.

Frederick M. Smith was convicted of trafficking in cocaine (Count 1), obstruction of a law enforcement officer (Count 2), and possession of marijuana (Count 3) by an Evans County jury. He was sentenced as a recidivist to thirty years, ten to serve and the balance suspended, on Count 1, twelve months on Count 2 to run concurrent to Count 1, and twelve months on Count 3, to run concurrent to Counts 1 and 2, and ordered to pay a fine in the amount of $200,000. The trial court initially sentenced Smith as a recidivist pursuant to OCGA § 17-10-7 (a) and (c). Smith filed a motion to modify and/or vacate his sentence because one of the prior felony convictions utilized under OCGA § 17-10-7 (c) was a first offender sentence. The trial court granted Smith's motion, modifying its sentence to remove the provision sentencing Smith as a recidivist under OCGA § 17-10-7 (c) and provided that all other provisions of the sentence should remain in effect. In his pro se appeal, Smith raised the single enumeration of error that he should not have been sentenced as a recidivist pursuant to OCGA § 17-10-7 (a). We find no error.

The prior convictions utilized to sentence Smith as a recidivist included a 1993 felony conviction for three counts of criminal attempt to commit armed robbery and a 1993 felony conviction for possession of a controlled substance and driving under the influence.[1] OCGA § 17-10-7 (a) provides, in pertinent part, that

> any person convicted of a felony offense in this state . . . and sentenced to confinement in a penal institution, who shall afterwards commit a felony punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

Therefore, based on the 1993 convictions, the trial court was authorized to sentence him as a recidivist under OCGA § 17-10-7 (a).

Smith's conviction in the instant case of trafficking in cocaine carries a sentence of a mandatory minimum term of imprisonment of ten years and a fine of $200,000,[2] and a maximum sentence of thirty years and a fine not to exceed $1 million.[3] Pursuant to OCGA §§ 17-10-7 (a) and 16-13-31 (a) (1) (A) and (h), the trial court appropriately sentenced Smith to the longest period of time prescribed for the punishment of the offense at issue,[4] thirty years, and ordered him to serve the mandatory minimum of ten years. Accordingly, the sentence falls within the sentencing guidelines.[5]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

---

[1] In its initial sentence, the trial court also considered a 1991 conviction of four counts of forgery in the first degree wherein Smith pled guilty and was sentenced as a first offender. Although Smith violated the terms of his first offender probationary sentence, his first offender probation was not revoked nor was he adjudicated guilty. "A first offender's guilty plea does not constitute a 'conviction' as that term is defined in the Criminal Code of Georgia (OCGA § 16-1-3 (4)) . . . [because] [u]nder the first offender statute [OCGA § 42-8-60 et seq.], until an adjudication of guilt is entered, there is no conviction." (Citations and punctuation omitted.) *Davis v. State*, 273 Ga. 14, 15 (537 SE2d 663) (2000).

[2] See OCGA § 16-13-31 (a) (1) (A).

[3] See OCGA § 16-13-31 (h).

[4] See *Covington v. State*, 231 Ga. App. 851, 852 (501 SE2d 37) (1998) ("The recidivist provisions of OCGA § 17-10-7 (a) mandate imposition of the maximum punishment upon conviction of a second felony offense.").

[5] See *Worley v. State*, 265 Ga. 251, 252-253 (1) (454 SE2d 461) (1995) (trial judge is authorized to sentence a defendant within limits prescribed by applicable criminal statute).

Frederick M. Smith, *pro se.*

*Tom Durden, District Attorney, Sandra Dutton, Assistant District Attorney,* for appellee.