**FIRST DIVISION**
**DOYLE, C. J.,**
**BARNES, P. J., and ANDREWS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 19, 2017**

# In the Court of Appeals of Georgia

A16A1942. DURON v. THE STATE.

ANDREWS, Judge.

Following Carlos Duron's convictions for trafficking in cocaine (OCGA § 16-13-31 (a) (1))[1] and conspiracy (trafficking in cocaine) (OCGA § 16-13-33), the Superior Court of Gwinnett County sentenced Duron to two concurrent terms of life in prison. See OCGA § 16-13-30 (d). Duron appeals, arguing that the trial court imposed a void sentence because the maximum sentence permitted for Duron's convictions was 30 years in confinement. See OCGA § 16-13-31 (h). For the reasons that follow, we affirm.

---

[1] "Any person who sells, manufactures, delivers, or brings into this state or who is in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine, as described in Schedule II, in violation of this article commits the felony offense of trafficking in cocaine. . . ."

In July of 2010, following a jury trial, the Superior Court of Gwinnett County entered a judgment of conviction against Duron for trafficking in cocaine ("2010 trafficking conviction") which Duron appealed to this Court. See *Duron v. State*, 325 Ga. App. 41 (752 SE2d 112) (2013) ("*Duron I*"). In December of 2011, while Duron's motion for new trial remained pending in *Duron I*, a second Gwinnett County jury found Duron guilty of trafficking in cocaine ("2011 trafficking conviction") and conspiracy (trafficking in cocaine).[2] During sentencing for the 2011 convictions, the State argued that Duron's 2010 trafficking conviction authorized a life sentence for Duron on the 2011 trafficking conviction. See OCGA § 16-13-30 (d). The trial court sentenced Duron to life in prison on both the trafficking and conspiracy convictions to be served concurrently with the sentence imposed in *Duron I*.

In September of 2015, Duron filed a motion to correct a void sentence arguing that his 2010 trafficking conviction was not yet final at the time he was sentenced for

---

[2] On March 19, 2015, we affirmed Duron's 2011 trafficking conviction and the conspiracy conviction. See *Duron v. State*, 332 Ga. App. 133 (771 SE2d 28) (2015) ("*Duron II*").

the 2011 trafficking conviction[3] and that, as a result, the 2010 conviction could not be used to enhance his sentence on the 2011 trafficking conviction.[4] The trial court granted Duron's motion, vacated Duron's sentence, and scheduled a resentencing hearing.[5] Following Duron's resentencing hearing, the trial court again sentenced Duron to two concurrent terms of life in prison.[6] This appeal followed.

OCGA § 16-13-30 (b) makes it unlawful for any person "to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance." See also OCGA § 16-13-31 (a) (1) (trafficking in cocaine). OCGA § 16-13-31 (h) provides that "[a]ny person who violates any provision of [OCGA § 16-13-31] shall be punished as provided for in the applicable mandatory

---

[3] This Court affirmed Duron's 2010 trafficking conviction on November 10, 2013. See *Duron I*, 325 Ga. App. at 50.

[4] The State agreed with Duron's motion and conceded that the original sentence for Duron's 2011 trafficking conviction was void.

[5] See *Covington v. State*, 231 Ga. App. 851, 852 (501 SE2d 37) (1998).

[6] Duron does not argue that the life sentences imposed at resentencing were improper because his 2010 trafficking conviction was not final at the time he was originally sentenced on the 2011 trafficking conviction. See Covington, 231 Ga. App. at 852 (1) ("The trial court was authorized by OCGA § 16-13-30 (d) to resentence Covington to life imprisonment for possession and trafficking, as the two earlier cocaine sales convictions were final at the time of resentencing.").

minimum punishment and for not more than 30 years of imprisonment. . . ." However, "[u]pon conviction of a second or subsequent offense, [the defendant] shall be imprisoned for not less than ten years nor more than 40 years or life imprisonment." OCGA § 16-13-30 (d). Duron contends that his 2010 trafficking conviction pursuant to OCGA § 16-13-31 does not qualify as "an actual conviction under [OCGA §] 16-13-30 (b) to trigger the recidivist provisions of [OCGA §] 16-13-30 (d)" and enhance his sentence for the 2011 trafficking conviction.

We resolved this question adversely to Duron in *Gilbert v. State*. 208 Ga. App. 258, 262 (1) (430 SE2d 391) (1993). Relying upon OCGA § 16-13-30 (d), we affirmed a defendant's life sentence for possession of cocaine with intent to distribute following his prior conviction for trafficking in cocaine. Id. at 262 (1). We noted that

> OCGA § 16-13-30 (b) prohibits the manufacture, delivery, distribution, dispensing, administering, selling, or possession with intent to distribute any amount of a controlled substance and provides a greater penalty than (a). OCGA § 16-13-31 aims at a yet more serious offense and calls it 'trafficking.' *The penalties are still greater.* There are a number of ways the legislature might have defined trafficking. The definition might have been given in terms of dealing in a large number of drug transactions. Perhaps the amount of money involved could have been the test. Instead, the amount of controlled substance was chosen as the basis for

4

distinguishing the crime of trafficking from the somewhat less serious crimes.

Id. at 260-261 (1) (quoting *Bassett v. Lemacks*, 258 Ga. 367, 370 (370 SE2d 146) (1988)). Moreover, we observed that

statutes must be construed so as to make sense. Here, it is nonsensical to conclude that a prior conviction for selling a smaller quantity of cocaine would constitute a prior offense under OCGA § 16-13-30 (d), but that the sale of a greater amount of the drug would not trigger the provisions of that statute. Certainly, the legislature did not intend such an illogical result and we will not so interpret the statute.

Accordingly, we found that

[t]o conclude that Gilbert's prior conviction under OCGA § 16-13-31 does not trigger the recidivist provisions of OCGA § 16-13-30 (d) would lead to an illogical result since Gilbert's first conviction was for a more serious version of the offenses outlined in OCGA § 16-13-30 (b).

Id. at 260 (1).

Contrary to Duron's apparent argument, *Gilbert* is indistinguishable. Like Gilbert, Duron was first convicted of trafficking in cocaine and received a 30-year sentence pursuant to OCGA § 16-13-31 (h). Thereafter, while Gilbert was convicted of the lesser offense of possession of cocaine with intent to distribute, Duron received

5

a second conviction for the same "greater" offense of trafficking in cocaine. Therefore,

> [t]o accept [Duron's] contention that his more serious conviction under OCGA § 16-13-31, for a crime which is different only in that it is more serious than those listed in OCGA § 16-13-30 (b), does not constitute a prior conviction so as to trigger the life sentence provisions of OCGA § 16-13-30 (d) is to ignore the intent of the legislature. Clearly, the legislature did not intend that violators of OCGA § 16-13-31 be exempt from the severe punishment of OCGA § 16-13-30 (d).

Id. at 262 (1).[7] See also *Covington v. State*, 231 Ga. App. 851, 852 (1) (501 SE2d 37) (1998) ("Fruitless is the argument that the sentence of life imprisonment for trafficking was unauthorized because it is an offense under OCGA § 16-13-31 rather than OCGA § 16-13-30 (b)."). Finally, on many occasions since *Gilbert*, we have affirmed sentences of life imprisonment in which a defendant's *second* conviction involved a trafficking offense, further confirming the applicability of OCGA § 16-13-30 (d) to trafficking convictions. See *Howard v. State*, 234 Ga. App. 260, 261 (2) (506 SE2d 648) (1998); *Covington*, 231 Ga. App. at 852 (1); *Brundage v. State*, 231 Ga. App. 478, 480 (4) (499 SE2d 408) (1998). See also *Smiley v. State*, 241 Ga. App.

---

[7] Similarly, Duron's argument concerning the rule of lenity is without merit. See *Gilbert*, 208 Ga. App. at 261 (1).

6

712 (527 SE2d 585) (2000). Accordingly, we conclude that a first conviction for trafficking under OCGA § 16-13-31 may be used to enhance a second conviction for trafficking pursuant to OCGA § 16-13-30 (d). See *Gilbert*, 208 Ga. App. at 262 (1). As a result, "[g]iven our conclusion that [Duron's] prior conviction constituted a violation of OCGA § 16-13-30 (b), we find that the life sentence was properly imposed."[8] Id.

*Judgment affirmed. Doyle, C. J., and Barnes, P. J., concur.*

---

[8] Likewise, Duron's sentence of life in prison for conspiracy (trafficking in cocaine) was authorized. See OCGA §§ 16-13-30 (d), 16-13-33 ("Any person who attempts or conspires to commit any offense defined in this article shall be, upon conviction thereof, punished by imprisonment not exceeding the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.").