## 51386. WHITLEY v. THE STATE.

PANNELL, Presiding Judge.

Tony Whitley was indicted, tried and convicted of the offense of involuntary manslaughter in the commission of an unlawful act. His sentence was five years, two of which were to be served on probation. He appeals to this court. *Held:*

1. His enumeration of errors consists of eight enumerations; however, only the three argued are considered in this opinion; the others will be considered as

abandoned.

2. The first sentence of Code § 27-2503 (§ 7, Ga. L. 1974, pp. 352, 357) reads: "Except in cases in which the death penalty may be imposed, upon the return of a verdict of 'guilty' by the jury in any felony case, the judge shall dismiss the jury and shall conduct a presentence hearing at which the only issue shall be the determination of punishment to be imposed." The language therein contained that the trial judge "shall dismiss the jury" is directory only and is for the sole purpose of permitting the jury to disburse and not require them to remain in a jury box during the progress of the presentence hearing. Any failure on the part of the trial judge to dismiss the jury at this stage of the proceeding, if an error, does not in any way affect the indictment, trial, and conviction of the defendant, and if an error, is one of which he has no right to complain.

3. Complaint is made that one of the state's witnesses was granted immunity by the state, prior to his testimony and neither the defendant nor his counsel were informed of that fact. The record in this case fails to disclose that this occurred. However, after the filing of the notice of appeal and after the filing of the record and transcript in this court an affidavit was executed by one Thomas C. Sanders reciting that he was counsel for said witness and that immunity was granted said witness for his testimony in the prosecution in the present case and this affidavit was subsequently transmitted to this court by the clerk of the court below under order of the trial judge, who in his order stated that he had read the affidavit. The state's brief denies immunity was granted the witness. While this "newly discovered evidence" might be the basis for an extraordinary motion for a new trial, no such motion appears in the record sent to this court. This court can not make a factual determination as to whether what is stated in the affidavit is true, as this court is a court for the correction of errors only and has no authority to make findings of fact (*Johnson v. Tanner,* 126 Ga. 718 (56 SE 80); *Georgia, F. & A. R. Co. v. Lasseter,* 122 Ga. 679 (1), (51 SE 15)), nor does it have authority to determine whether or not, if extended, information thereof was or was not given to the defendant or his

counsel. We accordingly, do not pass upon the question sought to be presented for decision.

4. Error is enumerated on the failure of the trial judge to charge subsection (b) of Code § 26-1103, which reads as follows: "A person commits involuntary manslaughter in the commission of a lawful act in an unlawful manner when he causes the death of another human being, without any intention to do so, by the commission of a lawful act in an unlawful manner, likely to cause death or great bodily harm. A person convicted under this subsection shall be punished as for a misdemeanor." The evidence on the trial of the case was amply sufficient to convict the defendant of the involuntary manslaughter charged, but there was no evidence indicating the defendant was guilty of involuntary manslaughter in the commission of a lawful act in an unlawful manner as therein defined. The charge of the above paragraph of the Code section was not authorized by the evidence.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED NOVEMBER 4, 1975 — DECIDED JANUARY 8, 1976.

*Garrett & Brown, Virginia B. Garrett, Elisabeth O. Brown,* for appellant.

*John T. Perren, District Attorney,* for appellee.