73172. THOMAS v. THE STATE.
(349 SE2d 807)

DEEN, Presiding Judge.

At 7:15 p.m. on December 19, 1985, as she was cranking her jeep to leave the parking lot of a convenience store in Hall County, the victim was confronted by a man. Appellant opened the passenger door of the victim's vehicle and, pointing a gun at her head, demanded that she give him all her money. The victim gave him the ten one-dollar bills she had, but he demanded more money and asked for her "pockie book." When she told him she did not have either, he

thumped her in the chest with the barrel of the gun and demanded that she get out of the jeep. When she refused, he threatened her with physical abuse. During the confrontation, which lasted ten to fifteen minutes, the victim laid her head on the steering wheel and began crying. Appellant finally threw the money back into the jeep and said, "You seem like a nice lady. Hit the road." She then drove to a friend's house, called the police, and gave them a description of appellant's appearance, age, and clothing.

On January 23, 1986, Sergeant Merck showed the victim 20 or 30 photographs. The victim could not make a positive identification from the photographs, but in a physical line-up the next day, she immediately identified appellant as the assailant. She also identified appellant at trial. He was tried by jury and convicted of armed robbery, from which conviction he now brings this appeal.

1. When all the evidence presented to the jury is viewed in favor of the prosecution, we find that there was sufficient evidence for a rational trier of fact to find the appellant guilty beyond a reasonable doubt. *Crawford v. State*, 245 Ga. 89 (263 SE2d 131) (1980); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court did not err in permitting Sergeant Merck to testify as to the victim's identification of appellant at the line-up. *Haralson v. State*, 234 Ga. 406, 408 (216 SE2d 304) (1975); *Barriner v. State*, 161 Ga. App. 59, 60 (289 SE2d 289) (1982).

3. Appellant waived any objection to the trial court's charge when he failed to raise his objection after the court inquired if he had any exceptions to the charge and he replied that he had none. *Gonzalez v. State*, 175 Ga. App. 217, 223 (333 SE2d 132) (1985).

4. Even if it was error for the trial court to fail to dismiss the jury prior to sentencing, it is not an error which affects the indictment, trial, and conviction, and appellant therefore cannot be heard to complain. *Whitley v. State*, 137 Ga. App. 245, 246 (223 SE2d 279) (1976).

*Judgment affirmed. Benham, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Divisions 1 and 3 of the opinion but, with respect to the other two divisions, must join in the judgment only. I will seek to explain.

In Division 2, the cases cited to support the holding address a hearsay objection. Appellant did not object below on the ground of hearsay and in fact called for it himself during cross-examination on this very subject.

He objected instead on the sole ground that the officer's description would impermissibly bolster the victim-witness' testimony. That

is the same, and only, argument on appeal. He claims that this "restatement" and "reinforcement" and "bolstering" of the victim-witness' own testimony about her actions and reactions as a participant in the line-up exercise violated federal and state constitutional due process.

The majority opinion does not address this, although we are required to rule on each proper enumeration of error. OCGA § 5-6-48 (b).

Appellant argues the point but cites no authority to the effect that allowing what is in effect cumulative evidence is reversible error, other than the two due process clauses generally. I am unpersuaded by the argument that due process was denied.

As to Division 4, while I agree that dismissal of the jury before sentencing under OCGA § 17-10-2 (a) seems to be directory and affords defendant no rights to it but is for the convenience of the jury, the ruling of the majority does not address appellant's argument.

Appellant does not contend that "the indictment, trial, and conviction" were rendered defective by the jury's remaining where it was, but that the sentencing was reversibly affected. He desires a resentencing hearing at which the court will not be influenced by the presence of the jurors. Its presence, he argues, could have influenced the court "so as to preclude a thorough and complete consideration of facts in mitigation of punishment." No authority is suggested to support this speculative supposition. The record of the sentencing phase, on the other hand, shows that the court received everything that was offered, called for argument from both sides, asked defendant if he had anything to say, explained to defendant why the sentence imposed was reached, and advised him of his appeal and sentence review panel rights. I perceive no error.

Moreover, appellant did not object to the jury's remaining unexcused during this proceeding. Failure to object ordinarily presents nothing for review. *Saine v. State*, 170 Ga. App. 610, 612 (3) (317 SE2d 650) (1984).

DECIDED OCTOBER 16, 1986.

*Robert L. Chandler*, for appellant.
*Bruce L. Udolf*, District Attorney, *Lee Darragh*, Assistant District Attorney, for appellee.