A98A1344. JENKINS v. THE STATE.
(510 SE2d 87)

POPE, Presiding Judge.

On the night of December 16, 1996, the owner of a service station called police after he observed appellant James Edward Jenkins enter the station building through a broken window after business hours. When officers arrived minutes later, they found Jenkins sitting on the floor behind the counter and a bag of copper piping near the counter out of its normal position in the back room. Jenkins told the officers that he was in the closed service station because he slept there every night. Jenkins was arrested and indicted on one count of burglary. At trial, the court charged the jury on the elements of both burglary and the lesser included offense of criminal trespass. Jenkins appeals from the trial court's denial of his motion for new trial following his conviction for burglary. We affirm.

1. Jenkins first argues that the trial court erred in allowing the prosecutor to make improper remarks during closing argument.

He asserts that the prosecutor improperly referred to punishment in violation of OCGA § 17-8-76 when he stated that if the jury convicted Jenkins of the lesser included offense of criminal trespass "that that would be letting this Defendant off the hook. . . ." He also contends that the prosecutor improperly referred to issues of Jenkins' credibility in violation of OCGA § 17-8-75 when he argued, "There was some evidence that this Defendant said well I was sleeping. I sleep here all the time, but that's just not believable under these circumstances." Jenkins' counsel made no objection to these remarks at trial.

"The time to object to improper closing argument is when the impropriety occurs at trial, when the trial judge may take remedial action to cure any possible error. When no timely objection is interposed, the test for reversible error is not simply whether or not the

argument is objectionable, or even if it might have contributed to the verdict; the test is whether the improper argument in reasonable probability changed the result of the trial." (Citations and punctuation omitted.) *Richards v. State*, 232 Ga. App. 584, 588 (4) (502 SE2d 519) (1998).

Even if the prosecutor's remarks could be interpreted as improper, we find it highly improbable in light of the evidence that these remarks changed the result of the trial. Therefore, any error in the prosecutor's argument was harmless. See *Bishop v. State*, 268 Ga. 286, 294 (14) (486 SE2d 887) (1997); *Cherry v. State*, 230 Ga. App. 443, 447 (5) (496 SE2d 764) (1998).

2. Jenkins next asserts that he was denied effective assistance of counsel because his trial attorney failed to object to the prosecutor's arguments and further because he failed to move for a directed verdict at the close of the state's case.

"To succeed on an ineffective assistance of counsel claim, [Jenkins] must show that trial counsel's performance was deficient and that it prejudiced [him] so as to deprive [him] of a fair trial. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)." *Earnest v. State*, 262 Ga. 494, 496 (5) (422 SE2d 188) (1992). "Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. In addition, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Citations, punctuation and emphasis omitted.) *Brooks v. State*, 232 Ga. App. 115, 119 (15) (501 SE2d 286) (1998).

Here, there is no evidence that defendant's trial counsel's actions were deficient. Moreover, as we have held that any improper argument from the prosecutor was harmless error and as Jenkins has failed to show that there is a reasonable probability that but for his counsel's trial tactics the results of the trial would have been different, we conclude that Jenkins was not denied effective assistance of counsel.

3. Jenkins further argues that his case should be remanded for re-sentencing due to defects in the notice and procedure for the presentence hearing required under OCGA § 17-10-2.

(a) Jenkins argues that he failed to receive timely notice that the state intended to use his prior convictions to seek recidivist punishment. OCGA § 17-10-2 provides that in determining punishment, the

trial judge shall hear in aggravation only the evidence that "[t]he state has made known to the defendant prior to the defendant's trial." The state filed notice of its intent to seek recidivist punishment at 7:40 a.m. April 7, 1997, approximately 80 minutes before the trial was scheduled to begin. While jury selection had occurred the prior day, the jury was not sworn in until the morning of April 7, at the start of trial. This Court has previously held that notice received prior to the jury's being sworn is sufficient to satisfy the requirement of the statute. See *Godfrey v. State*, 227 Ga. App. 576, 577 (1) (489 SE2d 364) (1997); *Payne v. State*, 219 Ga. App. 318, 319 (4) (464 SE2d 884) (1995). Jenkins, therefore, received timely notice of the intention to seek recidivist punishment.

Jenkins argues, however, that the notice did not allow his trial counsel sufficient time to prepare for the presentence hearing. "The failure to move for a continuance precludes appellant from asserting that his counsel was not afforded an ample opportunity to investigate the admissibility of the prior conviction as evidence in aggravation of the sentence[ ] imposed in this case." *Day v. State*, 188 Ga. App. 648, 650-651 (8) (374 SE2d 87) (1988). *Godfrey v. State*, 227 Ga. App. at 577 (1).

(b) Jenkins also contends that the trial court failed to follow the requirements of OCGA § 17-10-2 (a) for a presentence hearing and thus he argues no hearing occurred. OCGA § 17-10-2 (a) provides that "upon the return of a verdict of 'guilty' by the jury in any felony case, the judge shall dismiss the jury and shall conduct a presentence hearing at which the only issue shall be the determination of punishment to be imposed." The statute further provides that the district attorney shall open the argument and that defendant or his counsel shall conclude the argument. OCGA § 17-10-2 (a).

After the verdict, the judge conducted a bench conference on sentencing without dismissing the jury. During the conference, the prosecution presented his argument and evidence first, followed by the defense counsel's argument; the prosecutor then replied with rebuttal argument to which the defendant answered with surrebuttal. The argument eventually evolved into a back-and-forth discussion with the trial court regarding the requirements of OCGA § 17-10-2. Defense counsel raised no objection to this procedure.

While the failure to hold a presentence hearing cannot be waived by a failure to object, *Hayes v. State*, 211 Ga. App. 801, 804 (3) (440 SE2d 539) (1994), we find that the trial court did hold a hearing in accordance with OCGA § 17-10-2 (a). This Court has held that the language instructing the court to dismiss the jury "is directory only and is for the sole purpose of permitting the jury to disburse and not require them to remain in a jury box during the progress of the presentence hearing. Any failure on the part of the trial judge to dis-

miss the jury at this stage of the proceeding, if an error, does not in any way affect the indictment, trial and conviction of the defendant, and if an error, is one of which he has no right to complain." *Whitley v. State*, 137 Ga. App. 245, 246 (2) (223 SE2d 279) (1976). See *Thomas v. State*, 180 Ga. App. 575, 577 (349 SE2d 807) (1986) (Beasley, J., concurring specially). Thus, this procedure which is intended for the jury's convenience provides no basis for Jenkins' objection. In this case, moreover, there is no evidence that the jury was privy to the hearing, which was conducted at the bench. Therefore, any error in the trial court's failure to dismiss the jury was harmless.

Additionally, the trial court followed the order of argument outlined in the statute allowing the state to argue first, followed by defense counsel. The fact that discussion between the counsel and the trial court continued after these initial presentations is not, as Jenkins argues, an indication that no hearing occurred, but rather demonstrates that the parties had the opportunity to address the issues fully. And as trial counsel made no objection to the procedure followed in the hearing, any error is waived. See generally *Hatcher v. State*, 224 Ga. App. 747, 750 (2) (a) (482 SE2d 443) (1997).

(c) Jenkins also asserts that the trial court erred in imposing the recidivist punishment because it improperly considered evidence of Jenkins' prior arrests. The state introduced certified copies of one prior felony conviction and one prior misdemeanor conviction[1] and informed the court that Jenkins had at least four prior arrests. Jenkins is correct that prior arrests are not properly considered in imposing recidivist punishment. *Sinkfield v. State*, 262 Ga. 239, 240 (2) (416 SE2d 288) (1992). A presumption exists, however, that a trial judge did not consider improper matters in imposing sentence. *Watkins v. State*, 191 Ga. App. 87, 91 (8) (381 SE2d 45) (1989). A review of the record in this case demonstrates that Jenkins' trial counsel successfully argued that his prior arrests were not to be considered in imposing recidivist punishment and that the trial court looked to Jenkins' prior felony conviction in imposing the sentence in this case. Jenkins' prior burglary conviction alone was sufficient under OCGA § 17-10-7 (a) to support the 20-year sentence imposed by the trial court. See *Godfrey v. State*, 227 Ga. App. at 577 (2). Accordingly, we find that any error in the discussion of the prior arrests was harmless.

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

---

[1] The state's notice under OCGA § 17-10-2 (a) did not list the misdemeanor conviction as evidence it intended to present at trial. However, a certified copy of that conviction was filed with the notice, and Jenkins' counsel made no objection to its introduction at trial nor does Jenkins raise the issue on appeal. Thus, any issue in this regard is waived. See *Hatcher v. State*, 224 Ga. App. at 750.

DECIDED DECEMBER 2, 1998.

*Edenfield, Cox, Bruce & Classens, Michael J. Classens*, for appellant.

*R. Joseph Martin III, District Attorney, Keith A. McIntyre, Assistant District Attorney*, for appellee.