A03A1969. JONES v. THE STATE.
(593 SE2d 720)

ADAMS, Judge.

Victor Keith Jones appeals from his convictions of theft by taking, fleeing or attempting to elude and obstruction. We affirm.

Viewed in the light most favorable to the verdict, the evidence showed that DeKalb County police conducted a roadblock on Memorial Drive in the early morning hours of August 8, 2001. At approximately 2:10 a.m., Jones was stopped at the roadblock and was unable to produce a license or proof of insurance. Officer C. D. Johnson approached Jones's vehicle and directed him to pull over to the side of the road. Jones told the officer that he had a North Carolina driver's license and provided his name, date of birth and address. He was then able to produce an insurance card in someone else's name. He

explained to the officer that the car belonged to his mother, and then stated that it belonged to his mother's friend. But when Officer Johnson ran a criminal check on the car, she discovered that it was stolen.

Before returning to Jones, Officer Johnson walked over to get a pair of handcuffs and to inform another officer that the car was stolen. As they walked back toward the car, Officer Johnson noticed that it was still running and directed Jones several times to turn it off. When she reached for the door handle, however, Jones put the car into reverse and started backing up, striking her hand. Jones then put the car into drive and fled the scene. Officer Johnson got into her own car and pursued Jones's vehicle. Several other officers also joined in the chase. Jones continued driving through several neighborhoods, at times reaching speeds of approximately 80 to 90 mph. The chase lasted approximately 15 minutes, ending only when Jones drove down a dead-end street, got out of the vehicle, then ran. He was apprehended a short time later.

Jones was placed under arrest and taken to a police precinct, where he was interviewed after agreeing to waive his *Miranda* rights. During that interview, Jones admitted that he had stolen the car a few days earlier and that he had fled the scene of the roadblock.

Jones was indicted by a grand jury on two counts of aggravated assault, one count of fleeing or attempting to elude police, one count of theft by taking and two counts of obstruction. At trial, Jones received a directed verdict on one count of obstruction and one count of aggravated assault. The jury acquitted him of the remaining aggravated assault count. Jones was sentenced to a total of ten years to serve in prison. He received five years to serve on the fleeing and attempting to elude charge; ten years on the theft by taking charge, with five years to serve, and twelve months on the obstruction charge to run concurrently with the sentence for theft. Jones filed this appeal after the trial court denied his motion for new trial.

1. Jones first asserts that the trial court erred in denying his motion for new trial because he received ineffective assistance of counsel. His trial counsel was unaware that he was charged with a felony count of fleeing or attempting to elude a police officer, exposing him to a potential sentence of five years, which must be served consecutively with any other sentence. OCGA § 40-6-395 (b) (5) (A). The charge was enhanced because Jones was charged with driving in excess of 30 mph over the posted speed limit. Id. Because Jones's trial counsel was unaware of this enhanced charge, Jones contends he was ineffective in failing to cross-examine the police officers who testified as to the speed Jones was traveling.

In order to prevail on his claim of ineffective assistance, Jones "must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reason-

able likelihood that, but for counsel's errors, the outcome of the trial would have been different." (Citations omitted.) *Chapman v. State*, 273 Ga. 348, 349-350 (2) (541 SE2d 634) (2001). And this Court will uphold the trial court's determination with respect to counsel's effectiveness unless it is clearly erroneous. *Peterson v. State*, 253 Ga. App. 390, 393 (5) (559 SE2d 126) (2002).

At the hearing on the motion for new trial, Jones's trial attorney admitted that he was unaware prior to sentencing that Jones had been charged with a felony count of fleeing or attempting to elude a police officer. He stated that the aggravated assault charges were the focus of the defense strategy due to the weakness in the state's case on those charges. Prior to trial, the state offered Jones a plea agreement with a recommendation of a ten-year sentence, in exchange for a guilty plea on all counts. Jones testified that he refused the plea offer because of the aggravated assault charges. The trial attorney supported his decision.

Even assuming that Jones's trial attorney's performance was deficient in failing to recognize that the charge of fleeing or attempting to elude was a felony, we find that Jones cannot establish ineffective assistance of counsel because he cannot show that the outcome of his trial would have been different if his attorney had been aware of this fact. To the extent that Jones is asserting that his counsel's mistake prejudiced him in considering the state's plea offer, "such prejudice can only be shown by some indication that [he] was amenable to the offer made by the state." *Lloyd v. State*, 258 Ga. 645, 648 (2) (b) (373 SE2d 1) (1988). But the evidence shows that Jones based his decision solely on the aggravated assault charges, without consideration for the other charges, and that he rejected the offer because he did not want to plead guilty to aggravated assault. And, indeed, Jones was able to avoid a conviction on both aggravated assault charges at trial. Under these circumstances, we find that Jones failed to establish ineffective assistance of counsel in connection with the plea offer. See also *Whited v. State*, 258 Ga. App. 195, 197 (2) (573 SE2d 449) (2002).

Similarly, we find that Jones failed to establish prejudice from his trial counsel's failure to cross-examine the testifying officers regarding the speed at which Jones was traveling at the time he was attempting to elude police. One officer testified that there were "points in the chase where we got up to speeds of, you know, 80, 90 miles per hour." A second officer estimated that the chase reached speeds of approximately 70 or 80 mph, although he admitted that he did not look at his speedometer during the chase. He also stated that the chase proceeded on roads where he thought the posted speed was 45 mph and some side streets where he thought the speed limit was 25 mph.

Jones's trial attorney stated that had he known the significance of Jones's speed that night, he would have cross-examined the officers on their assessment of the speed. But Jones has failed to establish what questions his attorney would have asked and how such questioning would have affected the evidence before the jury. As it was, one of the officers conceded on direct that he had never even looked at his speedometer during the chase and was only estimating the speed. Under these circumstances, we find that Jones has failed to establish how he was prejudiced by the lack of further cross-examination by his counsel on this issue. See *Welch v. State*, 243 Ga. App. 798, 800 (2) (534 SE2d 471) (2000).

Accordingly, we find no clear error in the trial court's determination that Jones received effective assistance of counsel.

2. Jones next contends that the trial court erred at the presentence hearing by considering crimes of which Jones had not been convicted. During the hearing, Jones's trial attorney asked for leniency in sentencing due to his age and the fact that this was Jones's first offense. But later when the trial judge asked why Jones had been brought over from another jurisdiction, she was informed that Jones was in jail on robbery charges that occurred while he was out on bail for the charges in this case. The trial court was also informed that Jones had been out on bail when he was arrested for the offenses in this case. Jones's trial attorney raised no objection to this colloquy, but Jones now asserts that the trial judge improperly considered these untried offenses in imposing punishment in this case.

A presumption exists that a trial judge did not consider improper matters in imposing sentence. *Jenkins v. State*, 235 Ga. App. 547, 550 (3) (c) (510 SE2d 87) (1998). While the judge did discuss Jones's other pending charges, that discussion occurred primarily with Jones's mother in the context of whether those responsible for Jones had somehow failed him. During the actual sentencing, although the trial judge stated that it was time that Jones take responsibility for his actions and noted that his past actions and associations had resulted in the charges pending in all three cases, she made it clear that she understood that he had not been convicted of those crimes. Rather, it appears from our reading of the record that the trial judge was principally concerned with Jones's actions in this case that endangered the lives of the police officers at the scene. We find, therefore, that the colloquy reflected in the record was insufficient to demonstrate that the trial judge was clearly prejudiced by this information, and thus fails to rebut the presumption that the trial court did not consider improper material in sentencing Jones. See *Watkins v. State*, 191 Ga. App. 87, 91-92 (8) (381 SE2d 45) (1989); *Hughes v. State*, 161 Ga. App. 824, 825 (6) (288 SE2d 916) (1982).

3. We conclude based upon a review of the record that the evidence was sufficient to enable a rational trier of fact to find Jones guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Thus, Jones's final enumeration is without merit.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JANUARY 22, 2004.

*Sharon Smith-Knox*, for appellant.

*J. Tom Morgan, District Attorney, Rosemary W. Brewer, Assistant District Attorney*, for appellee.