## A06A2038. KOHLHAAS v. THE STATE.
(643 SE2d 350)

ELLINGTON, Judge.

A Cobb County jury found Kimberlie Kohlhaas guilty beyond a reasonable doubt of six counts of felony theft by taking, OCGA § 16-8-2, and six counts of felony theft by conversion, OCGA § 16-8-4 (a). Kohlhaas appeals from the denial of her motion for new trial, contending that the trial court erred in rejecting her claim that she received ineffective assistance of counsel, in admitting certain evidence and excluding other evidence, and in sustaining her convictions when the State's theory of conviction on the conversion charges "fail[ed] to state a claim as a matter of law." Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows the following relevant facts. Nossi Taheri is the president of The Bag Company, a company that manufactures and imports ziplock bags. In 1999, Taheri hired Kohlhaas, an experienced accountant, as the company's accounting manager. Unbeknownst to Taheri, Kohlhaas had twice embezzled money from former employers, acts that resulted in two felony theft convictions.[2]

From 1999 until May 2002, Kohlhaas diverted over $100,000 of The Bag Company's funds to her personal use. Kohlhaas accomplished this by depositing payments to the company into a petty cash bank account over which she had complete control, instead of depositing the payments into the company's primary bank account as she was supposed to do. Kohlhaas also overpaid the company's bills from the primary account and, when the company received a refund check, she deposited the refund into the petty cash account. Kohlhaas admitted that she was the only one who ever wrote checks on the petty cash account. She also admitted that she withdrew cash from the account and wrote checks on it to pay for her personal expenses. In

---

[1] Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] Notably, the record shows that, in January 2000, Kohlhaas pled guilty to a felony theft by taking charge arising from the embezzlement of $64,983.92 from one of those employers. As a condition of probation, Kohlhaas was prohibited from being employed as a bookkeeper or in any position where she worked with money. Despite this provision, at the time she entered her plea, she was already employed as The Bag Company's accounting manager, and she continued to work in that capacity for over two years.

addition, she used a company credit card to purchase personal items, and paid the credit card bill from the petty cash account. The State presented evidence of at least 12 separate acts of theft by taking or theft by conversion committed by Kohlhaas during her employment.

Kohlhaas does not deny that she deposited checks in the petty cash account instead of the primary account, that "she wrote and cashed Bag Company checks from the petty cash account into her own personal account and/or for her personal benefit," and that "she paid her personal credit card bills with funds from the petty cash account." Her defense at trial, however, was that she did these acts with the knowledge, permission, and assistance of Taheri and that Taheri had the motive to lie at trial about his approval of these expenditures. Kohlhaas also claimed that Taheri pursued the theft claims against her to retaliate against her because she had cooperated in an Internal Revenue Service (IRS) investigation of Taheri for tax evasion and because he needed a "scapegoat" to draw the IRS's attention away from his allegedly illegal transactions.

1. On appeal, Kohlhaas complains that the trial court erred in granting the State's motion in limine to exclude evidence concerning the IRS investigation of Taheri and The Bag Company. Kohlhaas argues that the evidence was relevant to show Taheri's motive in pursuing the theft claims against her, to show Taheri's course of conduct and bent of mind in allegedly mishandling his company's funds, and to attack the bias and veracity of Taheri and other witnesses.

According to the State's motion in limine, Kohlhaas was a confidential informant who surreptitiously gave financial records from The Bag Company to the IRS. Based upon information provided by Kohlhaas, the IRS obtained and executed a search warrant to search the company and Taheri's home. Documents, computers, and other items obtained during the search were later returned to Taheri and the company after the IRS "dropped" the investigation. The State argued that the details of the IRS investigation should be excluded from Kohlhaas' trial because they were not relevant to Kohlhaas' guilt or innocence of the crimes charged. The motion recognized, however, that the "fact the IRS investigated [The Bag Company] and that [Taheri] believes that Kim Kohlhaas was an informant is relevant because it can be used to show that the witnesses have a reason to lie. It may affect the victim's veracity or bias." Even so, the State argued that the "details of the IRS investigation other than that the victims think Kim Kohlhaas was an IRS snitch are irrelevant and do not show any additional reasons to question the bias or veracity of the victim." Further, the State argued the IRS investigator should be prohibited from testifying about the substance of the investigation under federal law prohibiting current and former federal officers or

employees from disclosing information obtained during their service as officers or employees.

Following a motion hearing, the court ruled that the fact that there was an IRS investigation of Taheri and The Bag Company was admissible, but the substance of the investigation, i.e., whether Taheri evaded taxes, was irrelevant to the issue of whether Kohlhaas embezzled company funds as charged in the indictment. Specifically, the court ruled that "[t]he fact that Ms. Kohlhaas was involved in [the investigation] is admissible. What the investigation went to is not admissible." Upon hearing this ruling, Kohlhaas' counsel responded, "Absolutely." Counsel also stated that he did not intend to present evidence about the investigation itself, but just evidence showing that there had been conversations between Kohlhaas and the IRS investigator concerning Taheri. Counsel reiterated that he was not going to ask the IRS investigator, "What did you find [during the investigation]?"

Under these circumstances, the record shows that trial counsel acquiesced in the court's decision to exclude evidence of the substance of the IRS investigation. "No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further." (Citation omitted.) *Payne v. State*, 273 Ga. App. 483, 485-486 (3) (615 SE2d 564) (2005). Accordingly, this issue has been waived. Id.

2. Kohlhaas contends she received ineffective assistance of counsel at trial.

In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)[.] The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [As the appellate court, we] accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003). "As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to

ineffective assistance of counsel." (Citation and punctuation omitted.) *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001).

(a) Kohlhaas contends trial counsel was ineffective for failing to introduce several documents at trial. At the motion for new trial hearing, appellate counsel tendered (or attempted to tender) these documents, which he enumerated as Defense Exhibits 2 through 17. This ineffectiveness claim fails for the following reasons.

First, as trial counsel acknowledged during the hearing, the charges against Kohlhaas involved *only* the management of the company's petty cash account, specifically, who had deposited money into and withdrawn money from that account. The record shows that none of the documents that Kohlhaas claims her counsel should have tendered at trial had the petty cash account number on them or referred in any way to the petty cash account.

Second, during the hearing, trial counsel testified that he did not tender Defense Exhibits 2, 3, 4, 5, 6, 8, 9, 12, 13, 14, 15, and 16 as a matter of trial strategy because the documents were irrelevant, they involved undisputed issues at trial, they were inadmissible under prior rulings of the court, and/or they were not helpful to or would undermine the defense. Such reasonable strategic decisions by counsel do not constitute ineffective assistance. *Grier v. State*, 273 Ga. at 365 (4).

Third, Defense Exhibit 7 was, in fact, admitted at trial as part of another exhibit. Kohlhaas has failed to show why counsel was deficient for failing to tender this document separately or how she was harmed thereby.

Finally, as for the remaining documents, the record shows that Defense Exhibit 10 was an unauthenticated e-mail from Taheri to Kohlhaas concerning several large company checks but which makes no reference to the petty cash account. The trial court refused to admit Defense Exhibit 11 during the hearing to prove ineffective assistance because there was no evidence that counsel had ever seen the document prior to or during trial. Similarly, the court also refused to admit Defense Exhibit 17 to prove ineffective assistance, because the document was irrelevant and was not properly authenticated, and counsel did not receive it until after trial.

Under the circumstances, the record supports the trial court's finding that counsel's failure to tender these documents at trial did not constitute ineffective assistance. *Robinson v. State*, 277 Ga. at 75-76.

(b) Kohlhaas complains that counsel failed to object to two improper statements by the prosecutor during closing arguments.[3]

---

[3] Although Kohlhaas' appellate brief presents arguments about four allegedly improper

> The time to object to improper closing argument is when the impropriety occurs at trial, when the trial judge may take remedial action to cure any possible error. When no timely objection is interposed, the test for reversible error is not simply whether or not the argument is objectionable, or even if it might have contributed to the verdict; the test is whether the improper argument in reasonable probability changed the result of the trial.

(Citation and punctuation omitted.) *Jenkins v. State*, 235 Ga. App. 547, 547-548 (1) (510 SE2d 87) (1998). In this case, the trial court found that counsel was not ineffective for failing to object to the statements, finding that such objections lacked merit and would not have altered the outcome of the case.

The first of the two statements occurred when the prosecutor told the jury that the IRS pays confidential informants a percentage of the money it recovers if the information helps get a conviction in a criminal case. Read in context, the statement was part of the prosecutor's attempt to discredit Kohlhaas' testimony that she was not "comfortable" acting as a confidential informant for the IRS and that she quit her job at The Bag Company because she felt she had "betrayed" Taheri by working with the IRS. Kohlhaas complains that there was no evidence presented at trial to support the prosecutor's statement regarding payments to confidential informants.

Kohlhaas also claims counsel should have objected when the State argued as follows:

> [W]hen you go back in the jury room, you are going to have to decide on what to do with [Kim] Kohlhaas, you know. And when you think about considering finding her guilty you might get this little hollow sinking feeling in your gut, kind of a twisty, heavy feeling. Even though you're not supposed to consider whether or not she will go to jail, ya'll [sic] inevitably do. That factors into your thinking, you know. You get that knot in your gut, and it doesn't make you feel good.

The prosecutor went on to tell the jury that that feeling is what separates them from Kohlhaas, because Kohlhaas "doesn't have that

---

statements by the prosecutor, appellate counsel only raised trial counsel's failure to object to two of the statements when asserting ineffective assistance in the court below. Therefore, the ineffectiveness claims arising from the other two statements are deemed waived. *Wilson v. State*, 277 Ga. 195, 200 (2) (586 SE2d 669) (2003) ("Where the issue of trial counsel's effectiveness has been raised on motion for new trial, any claims not raised at that time are waived.") (citations omitted).

general human compassion." Contrary to Kohlhaas' contention on appeal, the prosecutor did not suggest that the jury send her to jail. Instead, the record shows these statements were part of the prosecutor's attempt to show the jury that Kohlhaas was not the compassionate "Mother Teresa" she claimed to be, but was "a thief dressed up in PTA-mom's clothing," an experienced manipulator who had brazenly stolen "hundreds of thousands of dollars" from people who had trusted her.

Pretermitting whether the prosecutor's statements were improper, given the overwhelming evidence supporting Kohlhaas' convictions, we agree with the trial court that it is highly unlikely that the statements at issue changed the outcome of the trial. See *Jenkins v. State*, 235 Ga. App. at 547-548 (1). Accordingly, Kohlhaas' claim that counsel's failure to object constituted ineffective assistance must fail. Id. at 548 (2).

(c) Kohlhaas claims counsel was deficient for failing to compel the production of exculpatory evidence, such as a bag of receipts, a notebook containing receipts, and ledgers for the petty cash account. The record shows that Kohlhaas' counsel filed a pre-trial motion to compel disclosure of all exculpatory material. In rejecting this claim in its order denying the motion for new trial, the trial court found that there was no evidence that the State failed to produce all the evidence Kohlhaas was entitled to receive. Moreover, appellate counsel failed to proffer any of the allegedly exculpatory evidence during the motion for new trial hearing. See *Slade v. State*, 267 Ga. 868, 869 (2) (485 SE2d 726) (1997) (in order to perfect the record for review, a party must proffer into evidence those documents upon which his argument relies).

Under the circumstances, Kohlhaas has failed to meet her burden of showing that the evidence was relevant, admissible, and favorable to her defense, and that, if counsel had presented the evidence at trial, the outcome of the trial would have been different. See *Ponder v. State*, 201 Ga. App. 388, 389 (1) (411 SE2d 119) (1991) ("the failure of trial counsel to employ evidence cannot be deemed to be 'prejudicial' in the absence of a showing that such evidence would have been relevant and favorable to the defendant") (citation omitted).

(d) Kohlhaas also claims counsel was deficient for failing to object to the jury charge on theft by conversion. Although Kohlhaas complains that the trial court misstated the pattern jury charge, she does not indicate what was erroneous about the instruction. Further, she has failed to support this allegation with argument or authority. Accordingly, it is deemed abandoned. Court of Appeals Rule 25 (c) (2); *Fields v. State*, 281 Ga. App. 733, 738-739 (2) (c) (637 SE2d 136) (2006).

(e) Kohlhaas' remaining two arguments under this enumeration are deemed abandoned, as neither argument lies within the scope of the enumeration of error presented to us for review, i.e., whether the trial court erred in finding that Kohlhaas received effective assistance of counsel. Instead, the remaining errors involve evidentiary rulings by the trial court. "On appeal an enumeration of error cannot be enlarged by brief to give appellate viability to an issue not contained in the original enumeration." (Citation and punctuation omitted.) *Kennedy v. State*, 205 Ga. App. 152, 154 (2) (421 SE2d 560) (1992).

3. Kohlhaas complains that the trial court should have granted her motion to enforce a pre-trial agreement between her and the State. According to Kohlhaas, the alleged agreement, which was not in writing, provided that the State would not charge Kohlhaas with illegally stealing funds from The Bag Company if Kohlhaas passed a polygraph examination before the case was presented to the grand jury.[4] During the motion hearing, the prosecutor admitted that he had discussed such an offer with Kohlhaas' counsel, but stated that the polygraph was supposed to be administered by the State, which was prepared to administer the polygraph before the grand jury considered the case. According to the prosecutor, Kohlhaas' counsel told him that there were "too many issues in a polygraph" and refused the offer. Kohlhaas' counsel admitted that he refused to let Kohlhaas take a polygraph until he (counsel) could "fully investigate the ramifications and consequences of such a maneuver." Counsel asked the prosecutor to delay presenting the case to the grand jury, but the prosecutor refused. As a result, Kohlhaas did not take a polygraph before the case was presented to the grand jury. After she was indicted, however, Kohlhaas passed a polygraph examination that her counsel had arranged. Counsel sent the results to the prosecutor, but when the prosecutor asked to see the written data supporting the test results, Kohlhaas' counsel declined the request to send the documents. The prosecutor refused to stipulate to the results of the polygraph.

Under these circumstances, the court found that there was no "meeting of the minds" between the parties and denied Kohlhaas' motion to enforce the agreement. On appeal, Kohlhaas argues that,

---

[4] The record shows that no evidence was presented in support of Kohlhaas' arguments at the hearing on her motion to enforce the agreement. Although Kohlhaas argues that counsel's failure to present such evidence constituted ineffective assistance of counsel, this argument falls outside the enumerated error and will not be considered. *Kennedy v. State*, 205 Ga. App. at 154 (2). Moreover, Kohlhaas admitted in her brief that, at the time of the motion hearing, defense counsel did not even know about the existence of the evidence she now claims counsel should have presented during the hearing.

by reviewing the results of her polygraph examination and never specifically rescinding the agreement, the State effectively ratified the agreement not to charge Kohlhaas and, therefore, should have been bound by it. Kohlhaas has cited to no authority in support of this ratification argument.

We agree with the trial court that there was no enforceable agreement in this case. The record shows that there was no meeting of the minds between the parties as to the specific terms of the alleged agreement, and the State's offer expired when Kohlhaas failed to take a State-administered polygraph examination before the grand jury considered her case. Further, the State should not be bound by the expired offer simply because it reviewed the unsupported and un-stipulated results of Kohlhaas' polygraph examination. Accordingly, the trial court did not err in refusing to enforce the alleged agreement. See Carson v. State, 264 Ga. App. 763, 764 (592 SE2d 161) (2003) (because the defendant rejected the State's plea offer and the time for accepting the offer had expired, there was no plea agreement to enforce when he later tried to accept the offer).

4. Kohlhaas complains that the trial court improperly admitted evidence of her two prior embezzling convictions as similar transaction evidence. This enumeration is not supported by either argument or authority and is, therefore, deemed abandoned. Court of Appeals Rule 25 (c) (2).

5. Kohlhaas contends that her conversion convictions must be reversed because the "State's theory of the case, as presented in it's [sic] closing argument, fail[ed] to state a cause of action for theft by conversion as a matter of law." Although it is unclear exactly what Kohlhaas is alleging was error,[5] it appears that she takes issue with the State's closing argument that she committed conversion when she accepted checks that were supposed to be deposited into the company's primary account but instead deposited them into the petty cash account, which the State characterized as Kohlhaas' "own secret account." To the extent Kohlhaas is arguing that the State's closing argument was improper, it is undisputed that trial counsel did not object to the argument. Therefore, any error was waived.[6] Smith v. State, 277 Ga. 213, 218 (11) (b) (586 SE2d 639) (2003).

In the alternative, to the extent that Kohlhaas is challenging the sufficiency of the evidence in support of her conversion convictions, we have reviewed the evidence presented and find that it was

---

[5] We note that, on appeal, Kohlhaas has not challenged the trial court's denial of her special demurrer to the indictment.

[6] Although Kohlhaas also claims that counsel's failure to object to the prosecutor's argument constituted ineffective assistance, such argument impermissibly expands the enu-merated error. Kennedy v. State, 205 Ga. App. at 154 (2).

sufficient for the jury to find Kohlhaas guilty beyond a reasonable doubt of the six theft by conversion charges, as well as the six separate theft by taking charges. See *Cochran v. State*, 204 Ga. App. 602, 605-606 (1) (420 SE2d 32) (1992) (affirming defendant's convictions for theft by conversion based upon evidence that the defendants legally obtained money from the victim to be used to purchase property for the victim but, instead, used the money to purchase property for themselves). Further, because there was sufficient evidence to prove each count as a separate and distinct act of theft, Kohlhaas' argument that the conversion counts merged with the theft by taking counts as a matter of law or fact must fail. See *Bollinger v. State*, 272 Ga. App. 688, 693 (3) (613 SE2d 209) (2005) (convictions did not merge, because there was sufficient, independent evidence to support each count of the indictment).

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED MARCH 8, 2007.

Richard H. Kimberly, Jr., for appellant.
Patrick H. Head, District Attorney, Amy H. McChesney, Assistant District Attorney, for appellee.