A09A1145. NOELLIEN v. THE STATE.
(679 SE2d 75)

ANDREWS, Presiding Judge.

On appeal from his conviction for drug possession, Solomon Noellien argues that the trial court erred when it limited argument and that trial counsel was ineffective. We affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that on the night of October 16, 2007, an Acworth police officer was sitting in his patrol car observing a motel parking lot known for illegal drug activity when he saw a car pull into the parking lot. A man approached the car, talked to the driver while looking all around him, and entered the passenger side. A few minutes later, the man emerged from the car, looked around him again, and left the area on foot. The car then exited the parking lot without stopping or yielding. When the police officer drove up in preparation for a traffic stop, the car turned abruptly into a fast-food restaurant lot, and then into an adjacent gas station. After watching the driver of the car in another encounter with a pedestrian, apparently a drug transaction, the police officer stopped the car, the interior of which smelled of raw marijuana.

When Noellien, the driver and only occupant, exited the car, he reached for his pockets. Having been shot by a drug dealer in the same area a year earlier, the police officer told Noellien not to put his hands in his pockets. As the officer questioned Noellien, he smelled marijuana on him. After Noellien refused consent to search his person, the officer saw a bulge in Noellien's left pocket, instructed him repeatedly to keep his hands on the trunk of the car, and found a bag containing just under an ounce of marijuana. After arresting Noellien, the officer found $858 in his pockets and a bottle containing 16 pills of Alprazolam, a controlled substance, under the dashboard of the car he had been driving. The pills were all that remained

of a ninety-pill prescription issued five days before to Susan Kirst. A bag containing cocaine was later found in the patrol car where Noellien had been held before backup officers arrived.

Noellien was charged with possession of cocaine, possession of marijuana and Alprazolam with intent to distribute, and emerging from a driveway. A jury acquitted Noellien on the cocaine charge but convicted him of the lesser included offenses of marijuana and Alprazolam possession as well as the traffic charge. His motion for new trial was denied.

1. The evidence outlined above was sufficient to sustain Noellien's conviction. See OCGA §§ 16-13-28 (a) (1) (listing Alprazolam as a controlled substance); 16-13-30 (a), (e) (defining possession of a controlled substance); 16-13-2 (b) (defining misdemeanor possession of marijuana); 40-6-144 (defining emerging from a driveway); *Jackson.*

2. Noellien argues that he should have been allowed to elaborate during his closing argument on an example concerning equal access, his sole defense in the case. The State objected that the example concerned drugs in a backpack, whereas the bottle at issue here was not in any other container. The trial court sustained the objection, commented that "[t]he law comes from the Court, and not from the lawyers," and then instructed counsel to abandon the example. Noellien did not object or move for a mistrial.

Although counsel is permitted wide latitude in closing argument, limitation on that argument is in the court's discretion. See *Hudson v. State*, 273 Ga. 124, 127 (5) (538 SE2d 751) (2000). The trial court did not abuse its discretion here when it determined that counsel's example was more likely to confuse than to enlighten the jury. See *Banks v. State*, 281 Ga. 678, 682 (4) (642 SE2d 679) (2007) (no abuse of discretion presented when defendant failed to renew motion for mistrial after court gave instruction concerning argument).

3. Noellien also argues that trial counsel was ineffective when he failed to object to (a) the State's cross-examination of one of his witnesses, (b) portions of the State's closing argument based on that cross-examination, and (c) a presentence report containing inaccuracies and arrests not resulting in convictions. We disagree.

To show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Suggs v. State*, 272 Ga. 85, 87-88 (4) (526 SE2d 347) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The question of ineffectiveness is a mixed one of both law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs*, 272 Ga. at 88 (4). We note at the outset that

Noellien's acquittal on the three most serious charges against him "strongly supports the conclusion that the assistance actually rendered . . . fell within [the] broad range of reasonably effective assistance." *Powell v. State*, 272 Ga. App. 628, 630 (2) (612 SE2d 916) (2005).

(a) The record shows that Noellien called his cousin, Lee Arnold, to testify that he was in the car on the evening before Noellien's arrest, that Kirst was also in the car and drunk, and that Arnold saw her drop her keys and her bag during that time. The State's cross-examination of Arnold, which it defends as an investigation of bias, included the following exchange:

Q. . . . you don't like the Acworth Police Department[,] do you?
A. Excuse me?
Q. You don't like the Acworth Police Department[,] do you?
A. I don't like them?
Q. Yes.
A. Why not?
Q. You've had bad interactions with them in the past, haven't you?
A. A couple of tickets here and there.
Q. In fact, you've got a pending case with the Acworth Police Department right now, don't you?
A. Yes, I do.

When Arnold attempted to explain that one of the tickets in question had been for lack of insurance, the State pointed out on re-cross that Arnold was also charged with driving with a suspended license on October 13, 2007, shortly before the nights in question, and that Arnold was jailed for that offense.

(i) Arnold invited further inquiry concerning his feelings toward the police when he made the nonresponsive answer "Why not?" to the question why he didn't like them. See *Hansley v. State*, 267 Ga. 48, 49 (3) (472 SE2d 305) (1996) (a witness's nonresponsive answer that implicates a defendant's character does not improperly place the defendant's character in issue). But the State was not authorized to introduce evidence of Arnold's arrest and incarceration on unrelated charges for the purpose of impeaching him.

"A witness cannot be impeached by instances of specific misconduct unless that misconduct has resulted in the conviction of a crime. . . ." *McClure v. State*, 278 Ga. 411, 413 (3) (603 SE2d 224) (2004); see also OCGA § 24-9-84.1 (a) (1), (3) (authorizing impeachment of a witness with evidence of any crime involving dishonesty or

false statement, or a felony); *Quiroz v. State*, 291 Ga. App. 423, 427-428 (4) (662 SE2d 235) (2008). Likewise, bias " 'must be specific to the case, arising from a self-interest or self-preservation motive that could be reasonably inferred to cause testimony to be shaded or distorted.' " *Johnson v. State*, 244 Ga. App. 128, 131 (1) (534 SE2d 480) (2000), quoting *Farley v. State*, 225 Ga. App. 687, 690 (484 SE2d 711) (1997) (physical precedent only). A mere " 'generalized attitude' " toward a party — here, Arnold's supposed grudge against the police — could not rise to the level of a self-interested motive specific to the case. Id.

(ii) Nonetheless, we do not believe that counsel's failure to object or move for a mistrial amounted to deficient performance. At the hearing on Noellien's motion for new trial, counsel testified that although he did not think at the time that the subject of Arnold's driving arrests was important, he should have objected to the State's pursuit of the subject. Although counsel testified that he "felt absolutely sure" that Arnold was not in jail on the night when he drove around with Noellien and Kirst, he also emphasized that he did not know the purpose of the State's cross-examination at the time.

It is commonplace that counsel's strategic decision before or during trial "does not equate to ineffective assistance simply because [the defendant] and his present counsel, with the benefit of hindsight, now question the efficacy of the strategy employed." *Johnson v. State*, 282 Ga. 235, 236 (2) (647 SE2d 48) (2007). Counsel's decisions not to object to the State's pursuit of the topic of Arnold's misdemeanor driving violations, and to attempt to rehabilitate him by showing the minor nature of one of them, were objectively reasonable. When the State broached the subject of Arnold's incarceration just before the nights in question, it might have gone on to uncover proof of that fact, which would have been admissible as contradictory of Arnold's testimony that he was in the car with Kirst and Noellien on the night before Noellien's arrest. See OCGA § 24-9-82 (witness may be impeached "by disproving the facts testified to by him"). But defense counsel cannot be faulted for failing to complete the State's work for it, or for declining to highlight any of this testimony.

(b) In the course of closing argument, the State suggested that Arnold was in jail on the night before the crime. Arnold's admission that he served time at some point for an arrest made three days before the crime, authorized the State reasonably to infer that he was in jail on the night in question. See *Woods v. State*, 271 Ga. 452, 454 (3) (519 SE2d 918) (1999). Even had this inference been impermissible, moreover, counsel would have had good reason not to object to it. See *Braithwaite v. State*, 275 Ga. 884, 886 (2) (572 SE2d 612) (2002) (counsel reasonably chose silence as response to State's

improper closing argument).

(c) Noellien also argues that the transcript of the presentence hearing shows that the trial court relied on details of his criminal history not properly before the court. We disagree.

At a presentencing hearing, a trial court may consider evidence including "the record of any prior criminal convictions and pleas of guilty or nolo contendere." See *Sinkfield v. State*, 262 Ga. 239, 240 (2) (416 SE2d 288) (1992) ("It is clear from th[e] language [of OCGA § 17-10-2 (a)] that the legislature intended that such evidence show that the defendant was found guilty or admitted guilt of another offense.").

Here, the State timely filed a notice of its intent to introduce Noellien's criminal history in aggravation of sentence. As the hearing began, however, the prosecutor handed counsel a presentence report containing four charges that resulted in dismissal or acquittal. On inquiry from the trial court, Noellien declined to object to the report, but later reminded the court that it could consider only convictions and not arrests. After noting Noellien's record, including the dismissed charges, the trial court rejected the State's recommendation of an aggregate sentence of five years to serve and sentenced Noellien to seven years with five to serve as well as a $2,000 fine.

Noellien argues that the trial court's discussion of the dismissed charges proves that it relied on them to determine its sentence. At the hearing on the motion for new trial, however, the trial court noted not only that it "ha[d] enough sense not to consider anything that's been acquitted or dismissed," but also that counsel was "one of the best lawyers around" and that it was "having a hard time with anybody claiming that [he was] ineffective." For his part, counsel testified that he had tried many cases in front of the trial court and "felt confident" that the court would not have considered "any arrests" in the course of determining a sentence.

"A presumption exists that a trial judge did not consider improper matters in imposing sentence." *Jones v. State*, 265 Ga. App. 251, 254 (2) (593 SE2d 720) (2004), citing *Jenkins v. State*, 235 Ga. App. 547, 550 (3) (c) (510 SE2d 87) (1998). Noellien's sentence was within the maximum authorized for the offenses of which he was convicted, and we choose to believe both trial counsel and the court, who agreed that arrests and dismissals played no part in determining the sentence, than to infer error in the matter. See *Jones*, 265 Ga. App. at 254 (2) (trial court's discussion of criminal record, including charges not resulting in convictions, "made it clear that [it] understood that he had not been convicted of those crimes"). Because Noellien cannot show that the trial court was "clearly prejudiced" by the information, he cannot rebut the presumption that the trial court did not consider improper material in the course of sentencing.

Id. It follows that any objection to the report would have been meritless.

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED MAY 19, 2009.

*H. Maddox Kilgore*, for appellant.

*Patrick H. Head, District Attorney, Reuben M. Green, Dana J. Norman, Assistant District Attorneys*, for appellee.